156 So.2d 395 (1963)
David Clark WILDER, Appellant,
v.
STATE of Florida, Appellee.
No. E-237.
District Court of Appeal of Florida. First District.
September 24, 1963.
Lacy Mahon, Jr., Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and James G. Mahorner, Asst. Atty. Gen., for appellee.
*396 PER CURIAM.
On September 9, 1963, the appellant (defendant below), heretofore adjudged insolvent, addressed a letter to a judge of the Circuit Court in and for the Fourth Judicial Circuit of Florida, requesting that the court-appointed attorney representing him on this appeal be discharged and that another attorney be appointed in his stead; and to that end he submitted the names of three Jacksonville attorneys, either of whom would presumably be acceptable to him as a substitute. The circuit court having lost jurisdiction of the cause, the letter was forwarded to this court for disposition and we treat it as a motion to the purpose stated.
On May 31, 1963, the appellant in proper person filed notice of appeal to review an order of the trial court entered May 15, 1963, denying appellant's motion to vacate the judgment and sentence of the trial court entered November 26, 1962, adjudicating appellant to be guilty of the crime of rape and for punishment sentencing him to life imprisonment at hard labor in the state prison. The order adjudging appellant insolvent was entered on the same date as the order denying the motion to vacate. In due course appropriate directions were given to the clerk for the making up of the record on appeal and proper assignments of error were filed. On June 19, 1963, a document purporting to be appellant's brief was lodged in this court. In the foregoing appellate proceedings the appellant acted in proper person.
On June 14, 1963, appellant applied to this court for appointment of counsel to represent him on the appeal and we relinquished jurisdiction of the cause to the trial court for the sole purpose of making such appointment. On June 24, 1963, the trial court entered an order designating a respected member of the Florida bar as counsel for appellant on this appeal, he being the same person who prior to the order of insolvency served as attorney for appellant in certain proceedings before the trial court, hereinafter mentioned. On August 26, 1963, said attorney lodged in this court a brief on behalf of appellant. We have examined that brief and find it to be a competent presentation of appellant's case on appeal as made out by the assignments of error upon which he relies for reversal of the order appealed; the primary contention being that appellant was deprived of counsel incident to his appearance before the committing magistrate for entry of his original plea and before whom a preliminary hearing was held. The question arises, then, as to whether appellant has demonstrated facts warranting the discharge of his present counsel of record and appointment of another in his stead. We unhesitatingly answer that question in the negative.
Appellant's unverified letter (motion) of September 9, 1963, reveals that the attorney now representing him on this appeal also represented him in the critical proceedings before the trial court when on November 26, 1962, he appeared in open court and by counsel moved for leave to withdraw his plea of not guilty theretofore entered and in lieu thereof to enter a plea of guilty to the crime of rape for which he stood indicted. The motion was granted and appellant thereupon withdrew said former plea and entered a plea of guilty to the charge. The court then heard testimony submitted by both the State of Florida and the defendant, adjudged appellant to be guilty of rape as charged, and sentenced him to imprisonment in the state prison at hard labor for the term of his natural life.
On May 15, 1963, the appellant in proper person moved the trial court under Criminal Procedure Rule No. 1, adopted by our Supreme Court on April 1, 1963, 31 F.S.A., to vacate said judgment and set aside the said sentence. Said motion was based on the premise that when he appeared at the preliminary hearing before the committing magistrate in 1962 he requested but was denied "time enough to hire himself a lawyer to represent him" at the hearing and was told (by whom it is not stated) he did not *397 need one at that time, and that consequently he was not represented by counsel at that hearing. The motion was denied by order of the trial court entered May 15, 1963, and this appeal is taken to review that order.
The grounds of appellant's motion for removal of his counsel of record on the appeal are (1) that on the trial of the cause said attorney showed no interest therein, (2) that in appellant's opinion said attorney is not acquainted with the duties he owes to the appellant under the canons of ethics governing the relation between attorney and client, and (3) that appellant is "in possession of certain pertinent facts" regarding his case and "would like to convey them to a loyal attorney that will represent me to the best of his ability." The "pertinent facts" are not disclosed nor does it appear that appellant has made any effort to divulge them to his attorney of record. Under all the circumstances we reject as highly improper these generalized, indefinite and unsupported derogatory charges so made by appellant against his counsel.
The only material question of law presented by this appeal is whether or not appellant was deprived of his constitutional right to counsel at the preliminary hearing held before the committing magistrate prior to the change of plea in the trial court and, if so, whether in the light of the subsequent facts and circumstances his conviction and sentence were illegal, thus requiring reversal of the order appealed. As we have observed, that subject is competently presented by the brief filed herein on behalf of appellant by his court-appointed attorney and is to be disposed of in due course upon considering the merits of the appeal.
We do not understand it to be the law of this state or of the United States, constitutional or otherwise, that one entitled to be furnished counsel at the expense of the state or its component parts may willy-nilly compel the courts to discharge competent and conscientious counsel duly appointed to provide him with legal services, or that he is entitled to the services of more than one attorney in the premises, or that he has the right to designate the attorney who shall be so employed to represent him.
Finally, we are not unmindful of the canons of ethics governing the relationship between attorney and client, but know of no rule that compels the attorney to stultify himself or debase his moral and intellectual integrity by presenting on behalf of his client, whether an indigent or solvent person, a trumped-up, purely visionary, or fully rejected argument of law solely for the sake of argument. It is not remotely demonstrated that appellant's counsel of record has violated any canon of professional ethics.
Appellant's motion is denied.
STURGIS, C.J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.