PER CURIAM.
This is a direct appeal in a criminal prosecution from a judgment of conviction on a charge of aggravated assault. The indigent appellant, acting pro se, has addressed a letter to the clerk of this court, which we treat as a motion, complaining that he has not personally received a copy of the transcript of the reporter’s notes taken on the trial of this cause, and requesting (1) that this court discharge the court-appointed attorney of record who represented him on the trial of this cause, *910 and appoint in his stead an attorney named by the movant, and (2) that the court upon appointing such substitute counsel arrange for an interview between counsel and appellant to discuss all aspects of his case on appeal.
The grounds on the motion are:
(a) That his present attorney of record stated that he would file an appeal but did not do so. The fact is that the case has been appealed by movant, acting pro se.
'(b) That his said attorney at the trial stated “he would give the grounds” but did not do so. It is not clear what the movant has in mind.
(c) That said attorney “refused to request a capias against the complaining'witness.” It is not clear what the movant has in mind.
That while the trial court was charging the jury his said attorney left the courtroom and returned only after the verdict was announced. It is not made to appear in what particular appellant was prejudiced thereby.
(e) That said attorney made many promises to summons witnesses” but did not do so. It is not made to appear in what particular appellant was prejudiced thereby.
The record on this appeal, which includes a transcript of the reporter’s notes, indicates compliance by the clerk of the trial court with the directions given by appellant pro se for the making up of the record for purposes of the appeal.
There is no obligation on the part of counsel appointed to represent an insolvent person in the trial court to take an appeal on behalf of, or represent him on an appeal from the judgment of conviction in that court. It does not appear that any attorney is of record in this court as attorney for appellant. All pleadings in this court on behalf of appellant have been filed by him in proper person. An insolvent appellant is not entitled to designate counsel to be appointed by the court to represent him on the appeal. He is entitled, of course, upon a clear showing of good cause, to have counsel appointed in the stead of court-appointed counsel who is shown to be unfit to serve. We emphasize that substitution of counsel is not a privilege to be arbitrarily exercised by the appellant, but only a right afforded upon a proper showing of facts warranting such relief.
The motion of appellant for appointment of a named attorney to represent him on this appeal must be and it is denied, without prejudice to the right of appellant to promptly move this court for appointment of an attorney to represent him in the premises.
It is so ordered.
STURGIS, C. J., and CARROLL, DONALD K., and RAWLS, JL, concur.