166 So.2d 453 (1964)
Edward Reid DONALD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 3563-3567.
District Court of Appeal of Florida. Second District.
June 3, 1964.
*454 N. David Korones, of Wightman, Rowe & Tanney, Clearwater, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Chief Judge.
Edward Reid Donald has appealed his convictions in five separate cases. This Court is without jurisdiction to consider four of these appeals. In Circuit Court Case #12,499 (this Court's Case No. 3563); in Circuit Court Case #12,500 (this Court's Case No. 3564); in Circuit Court Case #12,501 (this Court's Case No. 3565); and in Circuit Court Case #12,502 *455 (this Court's Case No. 3566), the judgments and sentences appealed were entered on the same date; viz., May 17, 1962. In none of these four cases was there filed a motion or petition for new trial, rehearing or reconsideration; thus, for the purpose of computing the appeal period the judgments and sentences in said four cases are deemed to have been rendered on May 17, 1962. Rule 6.2 and Rule 1.3, Florida Appellate Rules, 31 F.S.A. Notice of appeal in each of these four cases was filed on September 17, 1962. The 90-day period within which the defendant was required to filed notices of appeal having expired prior to September 17, 1962, jurisdiction of said appeals never vested in this Court. See State ex rel. Ervin v. Smith, Fla. 1964, 160 So.2d 518. For the foregoing reasons the appeals in cases numbered 3563, 3564, 3565 and 3566 are dismissed ex mero motu. An appropriate order will be entered.
In Circuit Court Case #12,645 (this Court's Case No. 3567), the appealed judgment and sentence were entered on July 12, 1962, and notice of appeal was filed on September 17, 1962. Therefore, this Court has jurisdiction to entertain the appeal in Case No. 3567, and we proceed to a consideration of the merits.
The record-on-appeal shows the following salient facts. On June 28, 1962, an information was filed against the appellant, Donald, charging him with felonious escape from confinement in the Pinellas County Jail. On the same date, the accused was arraigned and pleaded not guilty. Having been found insolvent, the accused was represented at such arraignment by the Pinellas County Public Defender. The case was set for trial on July 6, 1962, and the defense was allowed a 5-day period within which to file motions. On July 2, 1962, the Public Defender filed on defendant's behalf a motion requesting a list of the State's witnesses. This motion was granted, and the defense was subsequently furnished a list of the witnesses. On July 3, 1962, the defendant himself filed a motion for change of venue, and on the same date the cause came on for hearing on said motion. At the beginning of this hearing, when the court inquired as to whether the defense wanted to be heard, the defendant replied that he was a layman and that he was not represented by counsel. When the court pointed out that the Public Defender had already been appointed to represent the accused, the Public Defender came forward and advised the court that the accused did not desire his services any longer; that he, the Public Defender, did not wish to represent the accused any longer; and that he and the accused preferred that the court appoint another attorney to represent the accused. The Public Defender then moved the court for leave to withdraw from the case. The court stated that it did not have the authority to appoint an attorney for the accused, and that if the accused did not accept the Public Defender as his attorney then he would be tried without the benefit of legal counsel. Thereupon, the defendant presented pro se the basis of his motion for change of venue, which motion the court denied. The case subsequently came on for trial before the court and a jury. The defendant acted as his own counsel at this trial, which resulted in a verdict of guilty. In the appeal[1] from the judgment and *456 sentence entered thereon, the ultimate question for our determination is whether or not the lower court erred in failing to appoint an attorney to represent the accused after permitting the Public Defender to withdraw. We answer this question in the affirmative and reverse the lower court's judgment.
The record-on-appeal shows that this defendant, charged with a felony, was at all times material here insolvent and unable to employ counsel; that the Public Defender who had been appointed to represent him was permitted to withdraw; and that he was tried and convicted without the benefit of counsel. The record further shows that the trial court neither advised the defendant of his constitutional right to counsel nor offered to appoint counsel to represent the defendant after the withdrawal of the Public Defender.[2] The defendant undertook to represent himself. As we stated in King v. State, Fla.App. 1963, 157 So.2d 440, 443:
"* * * In each instance where an accused appears in court without a lawyer, the court should advise him of his constitutional right to the assistance of counsel and determine whether or not he is able to employ a lawyer to represent him. If the accused is unable to employ a lawyer, then the court must offer to appoint counsel to represent the accused. Of course, the accused may reject the offer, thereby waiving his constitutional right to the assistance of counsel. However, this waiver must be intelligently and understandingly made. * * * Whether there has been an understanding, intelligent, competent and voluntary waiver depends in each case upon the particular facts and circumstances surrounding that case. * * *" (Emphasis added)
The pivotal question, then, is whether or not this defendant competently and intelligently waived his right to counsel.
During the course of the trial, the defendant endeavored to cross-examine the State's witnesses on matters not material and relevant to the issue of escape. He attempted to bring out the circumstances underlying the four previous convictions, and he sought to show mitigating circumstances.[3] The State's objections to this line *457 of questioning were properly sustained. These matters were clearly immaterial and irrelevant on the issue of guilt or innocence of the charged escape, but they would be pertinent factors for the trial court's consideration at the time of sentencing. When the time of sentencing came the defendant said nothing. We pause here to point out that, through the course of the trial, the lower court had earnestly attempted to explain trial court procedure to the defendant, but the defendant abandoned all efforts to defend himself. The overall picture conveyed by the record-on-appeal is that of a poorly presented, ineffective case for the defense. See the concurring opinion by Mr. Justice Douglas in Carnley v. Cochran, 1962, 369 U.S. 506, 520, 82 S.Ct. 884, 8 L.Ed.2d 70, 79, for a commentary on the "special difficulties" facing an accused layman who attempts to represent himself in a criminal case.
Under the circumstances of the case at bar, we cannot say that the defendant "understandingly, intelligently, competently, and voluntarily, in the exercise of a free choice"[4] waived his right to counsel. He requested that counsel be appointed to represent him.[5] When the Public Defender asked permission to withdraw, he too requested that the court appoint another attorney to represent the accused. The court refused to do so, and the accused was obliged to represent himself. The court did not explain to the accused the difficulties involved in presenting an effective defense and the consequences of proceeding without the benefit of counsel. Annotation, 93 L.Ed. 137. Cf. Carter v. Illinois, 1946, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172. Of particular note is the decision in Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, where it was pointed out that an attorney might have rendered invaluable aid to a woman tried without benefit of counsel, which she had rejected, by calling to the court's attention any mitigating circumstances[6] that might have inclined the judge to fix a lighter sentence. The fact that this defendant undertook to defend himself does not in itself constitute a waiver of the right to counsel. See Carnley v. Cochran, supra. There was nothing voluntary in this defendant's undertaking. Nor do we find a valid waiver in the fact that the accused did not want the Public Defender to continue representing him. The Public Defender was unwilling to serve as counsel for the accused, and he told the court that the accused had "sufficient reason to have me disqualified. * * *" Where, as here, a personal conflict between the accused and his court-appointed counsel produces or results in a lack of such counsel's effectiveness, a different attorney should be appointed. It is a necessary part of the right to counsel that such counsel be effective. Annotation, 93 L.Ed. 137.
Our decision here should not be construed as having the effect of permitting an insolvent defendant to pick and choose counsel, or to arbitrarily reject court-appointed counsel. It is settled that an insolvent defendant does not have the right to select court-appointed counsel. Wilder v. State, Fla.App. 1963, 156 So.2d 395; Woll v. State, Fla.App. 1963, 156 So.2d 909. The judgment is reversed with directions to the trial court (1) to set aside and declare as void and of no effect all proceedings subsequent to the withdrawal of the Public *458 Defender; and (2) to appoint counsel for the defendant.
Reversed.
KANNER (Ret.), J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.
NOTES
[1] As we have mentioned, the notice of appeal herein was filed on September 17, 1962, and for several months thereafter the defendant endeavored to prosecute his appeals without the benefit of counsel. His assignments of error and directions to the clerk were unclear and, in part, improper. He made representations to this Court of matters dehors the record-on-appeal proper. See note 3, infra. On May 1, 1963, this Court entered an order directing the lower court to appoint counsel to represent Donald in the five appeals. Donald v. State, Fla.App. 1963, 154 So.2d 357. The opinion there fully explains the necessity in law for the appointment of counsel to represent an insolvent defendant on appeal from a judgment of conviction in felony cases. The circumstances described above illustrate the practical necessity of representation by counsel for this appellant. After these appeals were handled by a series of separate court-appointed counsel, the causes were finally presented to this Court on oral argument on March 13, 1964. We commend Mr. N. David Korones, the last court-appointed counsel, for his services without compensation.
[2] In all fairness to the trial court, we hasten to point out that at the time this defendant was tried and convicted, the United States Supreme Court had not rendered its right-to-counsel decision in Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. At the time, there were no statutory provisions of state-wide application that accorded indigents accused of felonies the right to court-appointed counsel. In this case the Public Defender had been appointed pursuant to the provisions of Chapter 61-2663, Special Acts 1961, Laws of Florida. This special act was applicable only in Pinellas County and provided for the appointment by the court of the Pinellas County Public Defender to represent insolvent defendants charged with felonies; it made no provision for the appointment of other counsel in the event the County Public Defender withdrew. Although the trial court was complying with the Florida law as it was understood at the time this defendant was tried and convicted, subsequent events have disclosed the law to be otherwise.
[3] While Donald was prosecuting his appeals without benefit of counsel, he represented to this Court that the mitigating circumstances which he was trying to present were that these five cases constituted his first experience with the law; that he was a young man with a wife and three small children; that he was a faithful, attending member of his church, an honorably discharged veteran of the military service, and a Life Scout; that he brought his family to Florida and searched in vain for employment; that he was without money and that in a moment of desperation he forged and negotiated two checks in the amount of $10 each in order to obtain food for his hungry wife and children. (The forging and uttering of the two checks were the bases of the four convictions for which Donald had been incarcerated when he escaped.) An appellate court cannot act on such a statement.
[4] Annotation, 93 L.Ed. 137, at 141.
[5] The failure to make such request would not, of course, constitute a waiver. See King v. State, Fla.App. 1963, 157 So.2d 440.
[6] In the case at bar, the alleged mitigating circumstances set forth in note 3, supra, could have been presented by counsel at the time Donald was sentenced.