PER CURIAM.
Defendant-appellant appeals from the denial of post-conviction relief sought by way of a petition under CrPR 1.850, 33 F. S.A.
Shortly after defendant was arrested for forging an endorsement, he was declared insolvent and given the assistance of the Public Defender. Defendant thereafter filed a “Motion for Reappointment of Counsel, giving no reason for the request, but demanding the right to have two specifically named attorneys appointed to represent him. The motion was denied, and defendant, assisted by the Public Defender, entered a plea of guilty to the charge of forgery. After being adjudicated guilty and sentenced, defendant moved pursuant to CrPR 1.850 for post-cónviction relief. The motion was denied and this appeal followed.
The sole issue to be resolved is whether the defendant was entitled to appointment of counsel of his own choice. The Florida courts have consistently held that the criminally accused have no such right, and we feel bound by the reason and logic of these cases. Diehl v. State, Fla.App.1967, 200 So.2d 240; Brooks v. State, Fla.App.1965, 172 So.2d 876; Donald v. State, Fla.App.1964, 166 So.2d 453; Wilder v. State, Fla.App.1963, 156 So.2d 395. Therefore, the order denying post-conviction relief is affirmed.
Affirmed.
LILES, C. J., and PIERCE and MANN, JJ., concur.