WALDEN, Judge.
Upon conviction upon various criminal charges, defendant appeals. We affirm. Only one of his points merits discussion, the others being palpably without merit.
Defendant says that he was deprived of his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process by having no defense counsel.
The record reflects that the public defender was appointed to represent defendant and thereafter was discharged upon defendant’s own motion, he then indicating that he wished to have other counsel of his choice substituted in the stead of the public defender at the state’s expense. This was refused. The defendant suggests in the *464 colloquy that he wasn’t prepared to defend himself entirely by himself and that he needed “assisting counsel.” The trial court indicated that he would not make the lawyer subservient to the defendant as his assistant and again offered the services of the public defender, which offer was rejected. The defendant’s further request to have two of his fellow jail inmates serve as counsel was denied.
Defendant relies upon a theory discussed by Maurice M. Garcia, “Defense Pro Se”, in 23 U.Mi.L.Rev. 551 (1969). Garcia advocates the appointment of advisory counsel to help indigent defendants who wish to defend pro se. This lawyer’s role would be to offer advice and whatever help the defendant might wish from him. However, this theory of some sort of standby has not been adopted in Florida.
We know by way of principles that reflect light upon the instant situation the following:
A. In Wilder v. State, Fla.App.1963, 156 So.2d 395, defendant requested that his court-appointed attorney be discharged and another appointed in his stead. The District Court held that the defendant’s “generalized, indefinite and unsupported derogatory charges” made against his counsel did not warrant discharge of the attorney.
“We do not understand it to be the law of this state or of the United States, constitutional or otherwise, that one entitled to be furnished counsel at the expense of the state or its component parts may willy-nilly compel the courts to discharge competent and cqnscientious counsel duly appointed to provide him with legal services, or that he is entitled to the services of more than one attorney in the premises, or that he has the right to designate the attorney who shall be so employed to represent him.”
Defendant there had charged: 1) the lawyer had no interest in his case, 2) defendant knew certain pertinent facts regarding his case, which he would like to convey to his attorney. Defendant in the case at bar made similar allegations. See also Donald v. State, Fla.App.1964, 166 So.2d 453; Douglas v. State, Fla.App.1968, 212 So.2d 42; and Diehl v. State, Fla.App.1967, 200 So.2d 240.
B. The case at bar is similar to Brooks v. State, Fla.App.1965, 172 So.2d 876. There the indigent defendant was represented at his jury trial by the public defender. He appealed his conviction pro se, requesting the removal of his court-appointed counsel without any “compelling reason.” In concluding that the defendant knew what he was doing and waived his right to counsel with his eyes wide open, the court commented:
“. . . To permit a defendant, be he indigent or otherwise, to conduct, on the one hand, the trial of his cause as he (emphasis theirs) deems advisable, but on the other hand to scream that ‘he’ has been deprived of a constitutional guarantee because ‘he’ is not furnished, at the expense of the general public, an attorney who concurs ‘with him’ as to the manner of conducting an appeal, is to completely disregard the purposes for which counsel is furnished. Counsel is furnished for the purposes of advising and guiding an indigent defendant and to assist him in preparing his case, taking into consideration his rights as guaranteed by the State and Federal Constitutions. Counsel is not provided for the purpose of serving as a mouthpiece for the defendant, nor is such counsel required to conduct himself as an errand boy to carry otit the defendant’s legal theories — and once failing so to do, to be summarily discharged by defendant and another appointed for such purpose. We are fearful that the basic function of a lawyer appointed to represent a defendant has, to a great extent, escaped not only indigent defendants but, in many instances, the appellate courts.” (Emphasis supplied.)
The above comments are most applicable in the instant case where defendant wanted *465 an attorney to “assist” him. It seems the Florida courts have on numerous occasions expressed their views of advisory counsel to defendant’s conducting pro se defenses. Garcia’s theory (23 Mi.L.Rev. 551) has been thus far rejected in Florida.
Any defendant who is sui juris and competent has a right to reject court-appointed counsel and conduct his defense pro se, in the absence of unusual circumstances. State v. Cappetta, Fla. 1968, 216 So.2d 749, reversing Cappetta v. State, Fla.App.1967, 204 So.2d 913, cert. den. 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969).
In Brumit v. State, Fla.App.1969, 220 So.2d 659, the defendant rejected court-appointed counsel and elected to represent himself. The court held, “This he had a right to do. He was sui juris and mentally competent and therefore . . . (citation omitted) he had a right to handle his own case at trial. He did so and, having so charted his own course, cannot later complain that he landed on an unfriendly shore.” Supra at 661.
In conclusion, it is our view that indigent defendants charged with criminal offenses and requesting the services of court-appointed counsel have no right to select counsel and are entitled only to the appointment of the public defender, in the absence of some very specific facts pointing to the disqualification of such public defender in a particular case. The public defender so appointed is entitled to serve as counsel in the usual and ordinary ways and to exercise his professional judgment as to the conduct of the case. The defendant, of course, has a subsequent appellate remedy if such public defender should prove to be incompetent. See Williams v. Beto, 5th Cir. 1965, 354 F.2d 698. There is not and neither should there be any requirement for the appointment of “assisting counsel” as suggested here by the defendant, and as discussed in the mentioned Miami Law Review article, “Defense — Pro Se.”
Affirmed.
OWEN, J„ and BEASLEY, THOMAS D., Associate Judge, concur.