NATHAN, Judge.
The defendant appeals his conviction of robbery and sentence thereon following trial by jury. His sole point on appeal is that he was deprived of his constitutional right to counsel.
*1222 The record reflects that the public defender was appointed as counsel to represent defendant. At the time of trial, the defendant requested the court to appoint another lawyer to represent him alleging that counsel told him that his case could not be won. This the court denied, whereupon defendant requested a continuance so that he might represent himself. The court inquired into the education of the defendant, and then advised him of the seriousness of the offense and the penalties that could be imposed upon conviction. The court further explained that if the trial was continued, defendant could not, at the time of trial, request appointment of counsel to represent him. The following is the colloquy which took place between the court and the defendant:
THE COURT: All right. Now how far did you go in school?
THE DEFENDANT: Finished high school.
THE COURT: You sure you want to represent yourself?
THE DEFENDANT: Yes, ma’am.
THE COURT: You know the risk you are taking?
THE DEFENDANT: Yes, ma’am.
THE COURT: You realize that the penalty for the offense for which you are charged is very high?
THE DEFENDANT: Yes, ma’am.
THE COURT: You understand that, don’t you?
THE DEFENDANT: Yes, ma’am.
THE COURT: I mean, I don’t want you to misunderstand. You are charged with a very serious offense and it carries very, very serious penalties. . . . So, you have a range of sentences from life down to 15 years that you would be getting. I want you to understand the seriousness of it.
THE DEFENDANT: I understand, Your Honor.
THE COURT: And you want to represent yourself?
THE DEFENDANT: If I can have a continuance.
THE COURT: Now, let’s get our understanding very clear, Mr. Wiltz. I will give you the continuance. But, you can’t come back in here Monday morning, Tuesday morning and say, “I want the lawyer back.”
It doesn’t work that way.
THE DEFENDANT: Okay.
THE COURT: You understand that?
THE DEFENDANT: I understand.
THE COURT: I mean, you make your decision, but you are stuck with it once you make it.
THE DEFENDANT: I understand.
THE COURT: Is that very clear to you?
THE DEFENDANT: Very clear.
THE COURT: All right.
Defense request for a continuance is granted. . . . Here is a form, Mr. Wiltz, that gives you the right. You are waiving your right to counsel.
I ask that you read it. Just a second, I will read- it to you. The form says:
. “I have been fully advised by the Court that I have the right to be represented by an attorney of my own choice in this case. And that if I have no funds to retain an attorney to represent me, the Court will appoint an attorney to represent me in this case, without any cost to me.”
Which I have done and which you have said you do not want.
“I fully and completely understand what the Court has told me concerning my rights to be represented by counsel.” You do understand that, don’t you Mr. Wiltz?
THE DEFENDANT: Yes, Your Honor.
THE COURT: And you don’t want the Public Defender’s Office to represent you?
THE DEFENDANT: No, Your Honor.
THE COURT: No one has threatened you, coerced you or informed you of anything in an effort to persuade you in making your decision to represent yourself?
THE DEFENDANT: No, Your Honor.
*1223 THE COURT: And you wish to waive ■ your right to be represented by counsel of your own choice or by Court appointed counsel?
THE DEFENDANT: Yes, Your Honor.
THE COURT: And you wish to represent yourself in the case presently pending before the Court.
THE DEFENDANT: Yes, Your Honor.
The court permitted the public defender to withdraw. Later, at the time of trial, following an eleven day continuance, this exchange took place between the defendant and the court:
“THE DEFENDANT: Your Honor, at this time, I would like to disqualify myself because I have no knowledge of the law.
THE COURT: Sorry, sir, two weeks ago we went through this. I asked you all about it, the freeness and voluntariness, and you wanted to represent yourself, and you specifically said so upon full advice.' You are now representing yourself.
THE DEFENDANT: Sorry, Your Honor, I will just have to stand mute to all proceedings.”
In our opinion, there is no reason for the court to appoint a substitute counsel for the public defender merely because counsel gave defendant his appraisal of the case, assuming that counsel did so advise the defendant. Indigent defendants have no right to select counsel of their own choosing and are entitled only to the appointment of a public defender in the absence of some specific reasons based on facts pointing to the disqualification of the public defender in a particular case. Hammond v. State, 264 So.2d 463 (Fla. 4th DCA 1972).
The record clearly reflects that the defendant’s waiver of counsel was intelligently and knowingly made. Upon trial, the defendant remained mute although the court properly assisted the defendant by carefully and specifically giving him his right to challenge jurors, make an opening statement to the jury, cross-examine witnesses, call witness on his own behalf, and make a closing argument, all of which he refused to do.
A defendant has a constitutional right to waive and proceed to trial without counsel. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Affirmed.