SCHOONOVER, Judge.
The appellant, Nathaniel Daniels, has appealed from a judgment and sentence entered pursuant to a jury verdict finding him guilty of aggravated battery. We reverse.
On the day of trial, the appellant filed a motion seeking discharge of his court-appointed attorney. After a hearing, the trial court denied the appellant’s motion, refused his request for a continuance, and ordered the jury selection process to commence immediately. Additionally, the court, over appellant’s objection, required the court-appointed attorney to sit with the appellant during trial.
A person entitled to court-appointed counsel has neither the right to select a specific attorney nor the right to discharge competent and conscientious counsel. Wilder v. State, 156 So.2d 395 (Fla. 1st DCA 1963). Therefore, once the trial court ruled there was insufficient reason to discharge the attorney, the appellant either had to accept that attorney or forego representation. By refusing to accept the court-appointed attorney, the appellant in effect was attempting to exercise his right to self-representation. Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981). At this point, the court had an obligation to inform the appellant of the benefits he was relinquishing and resulting dangers and disadvantages of self-representation. Then, if the appellant still insisted upon dismissing counsel, the court had a duty to determine whether the appellant had made his choice voluntarily and intelligently and/or whether unusual circumstances existed which would preclude him from presenting his own case. Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983).
In the ease sub judice, upon appellant’s refusal of court-appointed counsel, the trial court failed to make the proper determination in accordance with the procedures outlined in Williams.
Reversed and remanded for a new trial.
OTT, C.J., and LEHAN, J., concur.