453 So.2d 95 (1984)
Allen Leon FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 83-364.
District Court of Appeal of Florida, Fifth District.
June 21, 1984.
Rehearing Denied July 26, 1984.
*96 A. Thomas Mihok, Gary L. Summers and Manuel Socias of Dempsey & Slaughter, P.A., Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Allen Leon Frazier, was convicted after jury trial of possession of a firearm by a convicted felon. On appeal he raises one point which merits consideration and discussion: his contention that the trial court erred in not dismissing his court-appointed attorney, allegedly resulting in ineffective assistance of counsel. As a general rule, a claim of ineffective assistance of counsel cannot be raised for the first time on direct appeal. Williams v. State, 438 So.2d 781 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1617, 80 L.Ed.2d 146 (1984). In the instant case, however, the trial court resolved the factual issue of ineffectiveness, thus allowing for review on this appeal. Williams; State v. Barber, 301 So.2d 7 (Fla. 1974); Pinder v. State, 421 So.2d 778 (Fla. 5th DCA 1982).
Prior to trial, Frazier moved the court to dismiss his appointed counsel, Attorney Sheaffer, and to appoint counsel of his choice. Clearly, he was not entitled to this alternative. See Johnson v. State, 427 So.2d 1103 (Fla. 3d DCA 1983); Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981); Wilder v. State, 156 So.2d 395 (Fla. 1st DCA 1963). Frazier stated his feeling that his counsel was ineffective. The trial judge thereupon made a comprehensive inquiry of Frazier and his counsel in this regard, and correctly concluded that there was no showing of ineffective counsel. See Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Knight v. State, 394 So.2d 997 (Fla. 1981). The trial court then denied the motion to dismiss and to appoint other counsel. In response to that denial, Frazier did not refuse to accept Attorney Sheaffer, as did the defendant in Mitchell, nor did Frazier ask to represent himself, as did the defendant in Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978), cert. denied, 365 So.2d 715 (Fla. 1978).
Under these facts, we do not believe that the trial judge was obligated to do anything more than he did. It was held by the Florida Supreme Court in Raulerson v. State, 437 So.2d 1105 (Fla. 1983), that a defendant must clearly and unequivocally demand to represent himself. To like effect are Johnson v. State, 427 So.2d 1103 (Fla. 3d DCA 1983), and Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), reversed on other grounds, 216 So.2d 749 (Fla. 1968). Relying upon the United States Supreme Court case of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Court of Appeals, in Brown v. Wainwright, 665 F.2d 607 (5th Cir.1982), concisely summarized this proposition:
While the right to counsel is in force until waived, the right of self-representation does not attach until asserted. In order for a defendant to represent himself, he must "knowingly and intelligently" forego counsel, and the request must be "clear and unequivocal." Faretta, 422 U.S. at 835, 95 S.Ct. at 2541. See also United States v. Brown, 591 F.2d 307, 310 (5th Cir.), cert. denied, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); United States v. Jones, 580 F.2d 785, 787-88 (5th Cir.1978); Chapman v. United States, supra, 553 F.2d 886 at 892 [(5th Cir.1977)].
* * * * * *
The important distinction in the manner in which the two rights come into play requires that a different waiver analysis be applied to the right of self-representation than to the right to counsel. Unlike the right to counsel, the right of self-representation can be waived by defendant's mere failure to assert it. If on arraignment an indigent defendant stands mute, neither requesting counsel nor asserting the right of self-representation, an attorney must be appointed. Even if defendant requests to represent himself, however, *97 the right may be waived through defendant's subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether. Chapman v. United States, supra, 553 F.2d 893 & n. 12.
* * * * * *
The right of self-representation, then, is waived if not asserted, while the right to counsel is not.
665 F.2d at 610-11.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.