DAUKSCH, Judge.
This is an appeal from a burglary and grand theft conviction.
Two issues are raised, both of which arise out of the trial court having granted appellant’s trial attorney’s motion to withdraw. Appellant’s attorney was appointed to represent him and they could not get along together. Appellant lost an earlier trial for a different crime, with the same lawyer representing him. Apparently, the relationship disintegrated to the point that appellant threatened violence against his lawyer.
After the lawyer was allowed to withdraw appellant asked for another lawyer. The trial judge refused. Faced with representing himself at trial, appellant asked for a postponement in order to try to prepare. It is the failure to appoint a substitute lawyer and the failure to grant a continuance which are the points on appeal.
The constitution guarantees the right to counsel. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). But accused persons do not have the right to select their appointed lawyer. Harold v. State, 450 So.2d 910 (Fla. 5th DCA 1984); Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Wiltz v. State, 346 So.2d 1221 (Fla. 3d DCA 1977) cert. den. 358 So.2d 135 (Fla.1978).
As was the case in Mitchell v. State, 407 So.2d 1005 (Fla. 5th DCA 1981), the conduct of appellant here was at least a tacit rejection of appointed counsel. Once the trial judge allows the withdrawal of a lawyer that does not automatically mean the accused goes to trial with no lawyer. An inquiry to satisfy the requirements of Rule 3.111(d), Florida Rules of Criminal Procedure, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) and Mitchell must be conducted. Here, it was not. Thus we must reverse and remand for trial with a lawyer.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., J., concurs.
COWART, J., dissents with opinion.