ORFINGER, Judge.
Once again[1] we are compelled to reverse the departure sentence imposed here, because the reasons stated are not clear and convincing as required by Florida Rule of Criminal Procedure 3.701(d)ll.
Following defendant’s guilty plea to one count of burglary of a dwelling and aggravated assault with intent to commit a felony (murder), the trial court departed from the recommended sentence of non-state prison sanction, the written reasons for which were:
(1) Defendant’s conduct immediately proceeding, during, and following the offense [the attempt to murder his former wife] indicate defendant is a continuing threat to the community generally and to the former wife in particular and
(2) It would not be in the best interest of justice to restrict the sentence upon him to that recommended under the sentencing guidelines.
The first reason is invalid as a basis for departure because it is based on the very crime for which defendant was convicted, and which has been factored into the scoresheet. Factors already weighed in arriving at a presumptive sentence cannot be utilized as a basis for departure. Hendrix v. State, 475 So.2d 1218 (Fla.1985). Additionally, the first reason speculates that the defendant will again engage in criminal conduct, and this reason has been held not to be a valid basis for departure. Dixon v. State, 492 So.2d 410 (Fla. 5th DCA 1986); McBride v. State, 477 So.2d 1091 (Fla. 4th DCA 1985).
Reason number two can only be characterized as an expression of belief by the court that the recommended guideline sentence is not sufficiently severe to punish defendant for the crimes which he committed, and that reason has similarly been held not to be a clear and convincing reason for departure. Williams v. State, 492 So.2d 1308 (Fla.1986); Whitfield v. State, 214 So.2d 750 (Fla. 5th DCA 1986); Montgomery v. State, 489 So.2d 1225 (Fla. 5th DCA 1986).
At the sentencing hearing the defendant unsuccessfully objected to the introduction of a recording of a telephone conversation wherein the defendant threatened *196 harm to his former wife. Aside from the question of admissibility, vel non, of the recording, even if otherwise admissible the recording only reflected a basis for the crime for which defendant was convicted, and thus would not support a departure sentence. A court cannot use an inherent component of the crime in question to justify departure. State v. Mischler, 488 So.2d 523 (Fla.1986).
Lastly, we must comment on defendant’s contention that it was error for the court to proceed with sentencing in the absence of his counsel. At resentencing defendant’s counsel inexplicably failed to appear. Although the court offered to continue the hearing to allow defendant to secure his attorney’s presence, the defendant asked whether he could waive counsel and “just go ahead and get it over with?” No inquiry was made as to the “knowing and intelligent” aspect of defendant’s waiver of his right to have counsel present.[2] Florida Rule of Criminal Procedure 3.111(d) provides:
A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused’s comprehension of that offer and his capacity to make that choice intelligently and understanding^ has been made.
In order to insure that the decision to represent himself was “knowingly and intelligently” made, the trial court “must make an inquiry on the record to demonstrate the defendant’s understanding and appreciation of the seriousness of the charges and his capacity for self-representation.” Miller v. State, 485 So.2d 1346 (Fla. 5th DCA 1986). See also Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Carter v. State, 408 So.2d 767 (Fla. 5th DCA 1982). At resen-tencing, defendant should have counsel present, or should defendant again indicate a desire to waive the presence of counsel, the court must first make the appropriate inquiry to determine that the waiver is knowingly and intelligently made.
REVERSED and REMANDED for re-sentencing.
COBB and SHARP, JJ., concur.

. In Hall v. State, 478 So.2d 519 (Fla. 5th DCA 1985) we reversed the sentence because the reasons for departure from the recommended sentence were not stated in writing and impermissi-bly relied on prior convictions.

. Sentencing is a critical stage of the criminal process. Brown v. State, 479 So.2d 152 (Fla. 5th DCA 1985).