PER CURIAM.
This is an appeal by the defendant Bobby Lee Jones from a final judgment of conviction and sentence for burglary with an assault, and robbery. We affirm in part.
First, we reject the defendant’s central point on appeal that the trial court erred in denying the defendant’s eleventh-hour motion, just prior to trial, to discharge his court-appointed counsel, an assistant public defender. Contrary to the defendant’s argument, we conclude that the trial court made a fair and complete inquiry of the defendant as to the basis for the latter’s dissatisfaction with his counsel and *753 properly concluded that there was no legitimate basis to discharge counsel. See Koon v. State, 513 So.2d 1253, 1255 (Fla. 1987), cert. denied, 472 U.S. 1031, 105 S.Ct. 3511, 87 L.Ed.2d 641 (1988); Frazier v. State, 453 So.2d 95, 96 (Fla. 5th DCA 1984); Wilder v. State, 156 So.2d 395, 397 (Fla. 1st DCA 1963); cf. Johnson v. State, 497 So.2d 863, 867-68 (Fla.1986).
Second, it appears from the record, however, that the defendant was not given credit for the time he allegedly served in the county jail prior to his sentencing, as required by Section 921.161, Florida Statutes (1987). In particular, the defendant contends that he was arrested on September 2, 1987, and remained incarcerated at the Dade County Jail until the date of his sentencing, November 17, 1987, for a total of seventy-six (76) days. We conclude that we should remand the cause to the trial court to determine the accuracy of this contention.
The judgment of conviction and sentence under review are therefore affirmed, except for the failure to give the defendant credit for any time he served in the county jail prior to his sentencing; as to the latter, the cause is remanded to the trial court with directions to give the defendant credit for the time, if any, which he served in the Dade County Jail prior to his sentencing, as required by Section 921.161, Florida Statutes (1987).
Affirmed in part and remanded.