DAUKSCH, Judge.
This is an appeal from a conviction for sexual battery and a life sentence with a twenty-five year mandatory minimum.
Appellant alleges he was denied effective assistance of counsel at trial. He raised that issue at trial and sought to have the court appoint a competent lawyer for him. Frazier v. State, 453 So.2d 95 (Fla. 5th DCA 1984).
Appellant was dissatisfied with his lawyer, who is an assistant public defender, and expressed that dissatisfaction to the judge before the trial. He filed a motion to have her discharged from his case. The lawyer told the trial judge she was unwilling to represent appellant and declared she would refuse to participate during trial. She did just that — she sat through the trial but did nothing. The trial judge said he would cite her for her behavior. We have no record to know what happened in that regard.
We reverse the conviction and remand the case for retrial after appointment of competent counsel or an adequate inquiry and determination that the appellant is qualified to represent himself. Neither was done during the first proceeding. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Hart v. State, *418 529 So.2d 811 (Fla. 1st DCA 1988); Brevard County Bd. of County Comm’s v. State, 516 So.2d 968 (Fla. 5th DCA 1987), rev. den., 528 So.2d 1183 (Fla.1988); Daniels v. State, 449 So.2d 950 (Fla. 2d DCA 1984); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.