COBB, Judge.
Stinnett was charged by information with possession of over 20 grams of cannabis, driving without a valid license, possession of drug paraphernalia, and dealing in stolen credit cards. He requested counsel, and the public defender was appointed.
Stinnett then filed several pro se motions which were stricken because he was represented by counsel. A hearing was set on a defense motion to suppress, at which time Stinnett’s appointed counsel moved to withdraw on the ground that Stinnett desired to represent himself. Stinnett confirmed this. The trial court proceeded to explain the dangers and disadvantages of self-representation. Stinnett responded that he did not want to dismiss the public defender entirely, but only wanted to represent himself and do his own questioning at the suppression hearing.
The trial judge told Stinnett he would have to either represent himself throughout the entire proceeding, including trial, or accept the representation of counsel throughout. The defendant expressed doubt that he could “go through a jury trial myself without any legal counsel.” The court responded “then you are going to have to have Mr. Kwilecki (defense counsel) represent you through the entire case, not part of the case.”
At that point, Stinnett accepted counsel, and, over objection, the suppression hearing continued. Only one witness, Deputy Dean Hall, testified at the suppression hearing. Hall was the arresting officer. He was cross-examined by defense counsel, who concentrated on the Kehoe issue of “pretextual stop.” See Kehoe v. State, 521 So.2d 1094 (Fla.1988). The motion to suppress was denied.
Subsequently, Stinnett decided to represent himself at trial. Deputy Hall again testified, and told the jury that he had stopped Stinnett for a routine traffic violation and determined he did not have a valid driver’s license. After arrest on that charge, Hall explained that he conducted a search incident to the arrest, finding evidence which lead to the marijuana and credit card charges. Stinnett was convicted on all four counts.
On appeal, Stinnett claims the trial court unconstitutionally deprived him of his right of self-representation at the suppression hearing by erroneously advising him that once he elected self-representation he could not change his mind at the time of trial. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Cappetta, 216 So.2d 749 (Fla.1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969). Stinnett is correct that the trial court’s admonition to him reflected an incorrect statement of law. A defendant who waives counsel at one stage of criminal proceedings must be offered counsel by the court at each subsequent *929 stage of the proceedings. Fla.R.Crim.P. 3.111(d)(5). Had Stinnett waived counsel at the suppression hearing, the offer by the court of assistance of counsel had to be renewed at the time of trial. See Spadaro v. State, 539 So.2d 1169 (Fla. 2d DCA 1989), quashed on other grounds, 556 So.2d 1119 (Fla.1990); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984).
The state contends, on the other hand, that what the defendant was actually seeking was the right to “hybrid” representation, to which he was not entitled. See Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980). A request for self-representation, argues the state, must be unequivocal, citing to Frazier v. State, 453 So.2d 95 (Fla. 5th DCA 1984).
We agree with the state that Faretta does not entitle a defendant to “hybrid” representation; there is no constitutional right of a defendant “to choreograph special appearances by counsel.” McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); Cross v. United States, 893 F.2d 1287 (11th Cir. GA.), cert. denied, — U.S. -, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990); Sheppard; see also, 2 LaFave & Israel, Criminal Procedure, § 11.5(f) (1984) (federal and state courts have uniformly found no sixth amendment right to hybrid representation). We also agree that a defendant’s request for self-representation must be unequivocal. Frazier.
Nevertheless, in the instant case, Stinnett was not seeking hybrid, or shared, representation at the suppression hearing. His request to represent himself at that hearing was unequivocal. At that point, it was incumbent upon the trial court to make an adequate inquiry to determine whether the defendant was knowingly and intelligently waiving his constitutional right to appointed counsel. Brevard County Bd. of County Com’rs v. State, 516 So.2d 968 (Fla. 5th DCA 1987), review denied, 528 So.2d 1183 (Fla.1988); Schafer v. State, 459 So.2d 1138 (Fla. 5th DCA 1984); Hall v. State, 495 So.2d 194 (Fla. 5th DCA 1986). It follows that the trial court was in error in misinforming Stinnett as to his independent right to appointed counsel at trial irrespective of his waiver of counsel at the suppression hearing. The true question on appeal, therefore, is whether that error was harmless or per se reversible. The state’s brief, anticipating this issue, contends:
Even if the trial court had erred in denying the appellant’s request to represent himself at his suppression hearing, the error would not amount to a violation of his Sixth Amendment rights. In McKaskle v. Wiggins, supra, the United States Supreme Court analyzed its earlier holding in Faretta, stating that
the pro se defendant is entitled to preserve actual control over the case he chooses to present to the jury. This is the core of the Faretta right.... [T]he right to appear pro se exists to affirm the accused’s individual dignity and autonomy.
465 U.S. at 178, 104 S.Ct. at 951. The Court concluded that
[i]n determining whether a defendant’s Faretta rights have been respected, the primary focus must be on whether the defendant had a fair chance to present his case in his own way.
465 U.S. at 177, 104 S.Ct. at 950. Mr. Stinnett represented himself at trial, with his public defender as standby counsel; he does not argue that his rights were violated in any way during trial. Mr. Stinnett renewed his motion to suppress at trial, and extensively cross-examined the one witness who had appeared at the hearing on his motion to suppress. The appellant was not hampered in presenting his case to the jury, and his Faretta right was therefore not compromised. McKaskle v. Wiggins, supra.
We agree with the state that the trial court’s error here was rendered harmless by the subsequent self-representation at trial. Indeed, Stinnett has not suggested any specific prejudice that could have resulted to him as a result of his failure to personally cross-examine Hall at the suppression hearing. No such prejudice suggests itself to us, particularly in light of *930 the full cross-examination of the same witness allowed Stinnett at the trial.
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.