COBB, Judge.
A hearing was held before the trial court at which the appointed public defender, at the behest of his client, the defendant Harless, moved to withdraw as counsel because Harless had a lack of confidence in the office of the public defender. The trial judge saw the problem merely as a “personality conflict” between Harless and a particular public defender, and urged that another assistant handle this case. The assistant handling the case correctly pointed out to the trial judge that, as an administrative matter, their office simply could not function if their clients could pick and choose which assistant public defender, or which special public defender, they might prefer.
The public defender’s position is consistent with our opinion in Frazier v. State, 453 So.2d 95 (Fla. 5th DCA 1984), wherein we held that a defendant is not entitled to appointed counsel of his choice. Once the trial judge concludes that there is no showing of ineffective counsel, a motion to discharge that counsel should be denied — absent a clear and unequivocal request for self-representation. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). There was no such clear and unequivocal request in this case. See Hunt v. State, 613 So.2d 893 (Fla.1992); Watts v. State, 593 So.2d 198 (Fla.1992); Capehart v. State, 583 So.2d 1009 (Fla.1991).
The trial judge was correct in his ultimate denial of the defendant’s motion to discharge.
AFFIRMED.
W. SHARP and DIAMANTIS, JJ., concur.