665 So.2d 1055 (1996)
Jack BEHR, Petitioner,
v.
Frank L. BELL, etc., Respondent.
No. 85024.
Supreme Court of Florida.
January 4, 1996.
Jack Behr, Public Defender and Earl D. Loveless, Chief Assistant Public Defender, First Judicial Circuit, Pensacola, for Petitioner.
Robert A. Butterworth, Attorney General and James W. Rogers, Bureau Chief, Criminal Appeals, Tallahassee, for Respondent.
GRIMES, Chief Justice.
We review Behr v. Bell, 646 So.2d 837 (Fla. 1st DCA 1994), in which the court held that a public defender could be required to serve as "standby counsel" for an indigent, self-representing defendant. Because the decision affects public defenders, a class of constitutional officers, we have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
*1056 Jack Behr, Public Defender of the First Judicial Circuit, was appointed to represent Paul J. Hill, who was charged with two counts of first-degree murder. Responding to Hill's request to represent himself, Behr moved to withdraw as counsel. Judge Frank L. Bell issued an order granting Hill's request to represent himself and requiring Behr to act as "standby counsel." Behr sought to have the First District Court of Appeal bar the trial court from requiring Behr to serve as standby counsel.
The district court of appeal treated Behr's petition as a petition for certiorari and denied it. The court held that section 27.51(1), Florida Statutes (1993), authorized the trial court to appoint a public defender as standby counsel and pointed to the approval of the concept of standby counsel by the United States Supreme Court in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).[1] The district court of appeal discounted the public defender's reliance upon Hammond v. State, 264 So.2d 463 (Fla. 4th DCA 1972),[2] by pointing out that Faretta cast doubt on the vitality of Hammond, which was decided three years before Faretta.
Section 27.51(1) provides in pertinent part: "The public defender shall represent, without additional compensation, any person who is determined by the court to be indigent... ." Behr argues that the word "represent" requires the public defender to act as intermediary, advocate, negotiator, or spokesperson for an indigent client, and that a standby counsel is necessarily unable to provide effective assistance of counsel. We find no authority to support such a narrow construction of the term "represent."
In Jones v. State, 449 So.2d 253 (Fla. 1984), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984), we held that the appointment of standby counsel, under Faretta, is constitutionally permissible, but not constitutionally required. Jones, 449 So.2d at 258. Jones concerned a criminal defendant who refused to cooperate with the trial court and with court-appointed counsel in their efforts to provide legal assistance. Id. at 257. We stated that "it was prudent of the court to appoint standby counsel, even over defendant's objection, to observe the trial in order to be prepared, as well as possible, to represent defendant in the event it became necessary to restrict or terminate self-representation by shackling and gagging defendant or by removing him from the courtroom." Id. The purpose of standby counsel is to assist the court in conducting orderly and timely proceedings. Id. at 258.
We find no reason to alter our holding in Jones, which is in harmony with Faretta and with section 27.51(1). A trial court may appoint a public defender to serve as standby counsel for an indigent, self-representing defendant.[3] Under Florida law, the responsibilities of a public defender include acting as standby counsel in situations where the demeanor or inexperience of self-representing defendants threaten the administration of justice. Trial courts should reserve the appointment of standby counsel for the limited circumstances where such action is necessary to preserve orderly and timely proceedings. However, a defendant who represents himself has the entire responsibility *1057 for his own defense, even if he has standby counsel. Such a defendant cannot thereafter complain that the quality of his defense was a denial of "effective assistance of counsel." Faretta, 422 U.S. at 835 n. 46, 95 S.Ct. at 2541 n. 46.
Accordingly, we approve the decision of the court below. We disapprove Hammond to the extent that it is inconsistent with this opinion.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In Faretta, the Supreme Court held that criminal defendants have an implied Sixth Amendment right to self-representation at trial. The opinion mentions standby counsel in a footnote, in which the Court states, "[o]f course, a State may  even over objection by the accused  appoint a `standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." 422 U.S. at 834 n. 46, 95 S.Ct. at 2541 n. 46.
[2] In Hammond, a public defender was appointed to represent an indigent defendant, who indicated he wanted to represent himself and choose an "assisting counsel" to help him at the state's expense. The Fourth District Court of Appeal held that "[t]here is not and neither should there be any requirement for the appointment of `assisting counsel'... ." 264 So.2d 463, 465.
[3] In Littlefield v. Superior Court, 18 Cal. App.4th 856, 22 Cal. Rptr.2d 659 (1993), the court held that California statutes do not authorize a court to appoint a public defender to act as standby counsel. Aside from the fact that the term "represent" in section 27.51(1) may be broader than the term "defend" in the California public defender statute, we do not find the reasoning of that case to be persuasive.