PER CURIAM.
The Sentencing Guidelines Commission has proposed a rule of criminal procedure to implement sentencing guidelines in order to comply with the action of the legislature in its passage of section 921.001, Florida Statutes (1983). After publication of the proposed rule in The Florida Bar News, the Court received numerous comments and suggestions regarding the proposed rule. The commission considered these suggestions at its final meeting, August 26, 1983, made several changes, and transmitted its final version of the proposed rule to this Court.
We have considered the proposed rule and the comments and suggestions which have been received, and we hereby adopt, as rule 3.701 and form 3.988, the rule and forms appended to this opinion. The sentencing guidelines adopted herein will be effective for all applicable offenses committed after 12.01 a.m., October 1, 1983 and, if affirmatively selected by the defendant, to sentences imposed after that date for applicable crimes occurring prior thereto.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, McDonald, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.
PROPOSED RULE
RULE 3.701. SENTENCING GUIDELINES
a. This rule is to be used in conjunction with forms 3.988(a)-(i).
b. Statement of Purpose
The purpose of sentencing guidelines is to establish a uniform set of standards to guide the sentencing judge in the sentence decision-making process. The guidelines represent a synthesis of current sentencing theory and historic sentencing practices throughout the state. Sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related criteria and in defining their relative importance in the sentencing decision.
The sentencing guidelines embody the following principles:
1. Sentencing should be neutral with respect to race, gender, and social and economic status.
2. The primary purpose of sentencing is to punish the offender. Rehabilitation and other traditional considerations continue to be desired goals of the criminal justice system but must assume a subordinate role.
3. The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense.
4. The severity of the sanction should increase with the length and nature of the offender’s criminal history.
5. The sentence imposed by the sentencing judge should reflect the length of time to be served, shortened only by the application of gain time.
6. While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made only for clear and convincing reasons.
7. Because the capacities of state and local correctional facilities are finite, use of incareerative sanctions should be limited to those persons convicted of more serious offenses or those who have longer criminal histories. To ensure such usage of finite resources, sanctions used in sentencing convicted felons should be the least restrictive necessary to achieve the purposes of the sentence.
c.Offense Categories
Offenses have been grouped into nine (9) offense categories encompassing the following statutes:
*850 Category 1: Murder, manslaughter: Chapter 782 (except subsection 782.-04(l)(a)) and subsection 316.1931(2)
Category 2: Sexual offenses: Chapters 794 and 800 and section 826.04
Category 3: Robbery: Section 812.13
Category 4: Violent personal crimes: Chapters 784 and 836 and section 843.01
Category 5: Burglary: Chapter 810 and subsection 806.13(3)
Category 6: Thefts, forgery, fraud: Chapters 322, 409, 443, 509, 812 (except section 812.13), 815, 817, 831, and 832
Category 7: Drugs: Chapter 893
Category 8: Weapons: Chapter 790
Category 9: All other felony offenses
d. General Rules and Definitions
1. One guideline scoresheet shall be prepared for each defendant covering all offenses pending before the court for sentencing. The state attorney’s office will prepare the scoresheets and present them to defense counsel for review as to accuracy in all cases unless the judge directs otherwise. The sentencing judge shall approve all score-sheets.
2. “Conviction” means a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of sentence was suspended.
3. “Primary offense” is defined as the most serious offense at conviction. In the case of multiple offenses, the primary offense is determined on the basis of the following:
a) The offense with the highest statutory degree, in the order of life felony, first-degree felony punishable by life, first-degree, second-degree, and third-degree felonies; and
b) In the event of two (2) or more offenses of the same degree, by the lowest numerical offense category.
4. Additional offenses at conviction: All other offenses for which the offender is convicted and which are pending before the court shall be scored as additional offenses based upon their degree and the number of counts of each.
5. a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, disposed of prior to the commission of the instant offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictions.
1) Entries in criminal histories which show no disposition, disposition unknown, arrest only, or other nonconviction disposition shall not be scored.
2) When scoring federal, foreign, military, or out-of-state convictions, assign the score for the analogous or parallel Florida statute.
3) When unable to determine whether an offense at conviction is a felony or misdemeanor, the offense should be scored as a misdemeanor. Where the degree of the felony is ambiguous or impossible to determine, score the offense as a third-degree felony.
4) Prior record shall include criminal traffic offenses, which shall be scored as misdemeanors.
5) Convictions which do not constitute violations of a parallel or analogous state criminal statute shall not be scored.
b) Adult record: An offender’s prior record shall not be scored if the offender has maintained a conviction-free record for a period of ten (10) consecutive years from the most recent date of release from confinement, supervision or sanction, whichever is later, to the date of the instant offense.
c) Juvenile record: All prior juvenile dispositions which are the equivalent of convictions as defined in section d(2), occurring within three (3) years of the current conviction and which would have been criminal if committed by an adult, shall be included in prior record.
6. Legal status at time of offense is defined as follows:
Offenders on parole, probation, or community control; in custody serving a sentence; escapees; fugitives who have *851 fled to avoid prosecution or who have failed to appear for a judicial proceeding or who have violated conditions of a supersedeas bond; and offenders in pretrial intervention or diversion programs.
7. Victim injury shall not be scored if not a factor of an offense at conviction.
8. Guidelines ranges: The presumptive sentences provided in the guideline grids are assumed to be appropriate for the composite score of the offender. However, a sentence range is provided in order to permit some discretion without the requirement of a written explanation for departing from the presumptive sentence.
9. Mandatory sentences: For those offenses having a mandatory penalty, a scoresheet should be completed and the guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guideline sentence exceeds the mandatory sentence, the guideline sentence should be imposed.
10. Sentences exceeding statutory máxi-mums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
11. Departures from the guideline sentence: Departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Any sentence outside of the guidelines must be accompanied by a written statement delineating the reasons for the departure. Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
12. Sentencing for separate offenses: A sentence must be imposed for each offense. However, the total sentence cannot exceed the total guideline sentence unless a written reason is given.
13.Community control, a form of intensive supervised custody in the community involving restriction of the freedom of the offender, is a sanction which the court may impose upon a finding that probation is an unsuitable disposition. When community control is imposed, it shall not exceed the term provided by general law.
COMMITTEE NOTE: (a) The operation of this rule is not intended to change the law or requirements of proof as regards sentencing.

(b) These principles are binding on the sentencing court.

(c) Only one category is proper in any particular case. Category 9, “All Other Felony Offenses,” should be used only when the primary offense at conviction is not included in another, more specific category. The guidelines do not apply to capital felonies.

Inchoate offenses are included within the category of the offense attempted, solicited, or conspired to, as modified by ch. 777.

If a defendent is to be sentenced for a probation violation, and the sentencing judge elects to revoke probation, the new sentence must be in accordance with the guidelines.

(d)(1) Ultimate responsibility for assuring that scoresheets are accurately prepared rests with the sentencing court. Due to ethical considerations, defense counsel may not be compelled to submit a scoresheet. Probation and parole officers may be directed to compile guidelines scoresheets only when a presentence investigation has been ordered. The forms for calculating the guidelines are forms 8.988(a)-(i).

(d)(2) This definition applies to both instant offense and prior record scoring.

(d)(3) The proper offense category is identified upon determination of the primary offense. When the defendant is convicted of violations of more than one unique statute, the offenses are to be sorted by statutory degree. In the event of multiple 
*852
offenses of the same statutory degree, the primary offense is identified by the corresponding offense category with the lowest numerical designation.

(d)(4) No points shall be scored for lesser and included offenses, or for offenses which are the same as offenses within the same act or transaction.

(d)(5) Each separate prior felony and misdemeanor conviction in an offender’s prior record which amounts to a violation of Florida law shall be scored, unless discharged by the passage of time. Any uncertainty in the scoring of the defendant’s prior record shall be resolved in favor of the defendant, and disagreement as to the propriety of scoring specific entries in the prior record should be resolved by the trial judge.

Prior record includes all offenses for which the defendant has been found guilty, regardless of whether adjudication was withheld or the record has been expunged.

Juvenile dispositions, with the exclusion of status offenses, are included and considered along with adult convictions by operation of this provision. However, each separate adjudication is discharged from consideration if three (3) years have passed between the date of disposition and the conviction for the instant offense.

(d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.

(d)(8) The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition. The presumptive sentences in the succeeding grids refer to commitments to state prison. The presumptive sentences are found in forms 3.988(a)-(i).

(d)(10) If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category.

(d)(ll) The written statement shall be made a part of the record, with sufficient specificity to inform all parties, as well as the public, of the reasons for departure. The court is prohibited from considering offenses for which the offender has not been convicted.

Sentences under provisions of the Youthful Offender Act (ch. 958), the Mentally Disordered Sex Offender Act (ch. 917) or which require participation in drug rehabilitation programs (sec. 397.12) need not conform to the guidelines.

(d)(12) The sentencing court shall impose or suspend sentence for each separate count, as convicted. The total sentence shall not exceed the guideline sentence, unless the provisions of paragraph 11 are complied with.

If a split sentence is imposed (i.e., a combination of state prison and probation supervision), the incarcerative portion imposed shall not be less than the minimum of the guideline range, and the total sanction imposed cannot exceed the maximum guideline range.

(d)(13) Community control is a viable alternative for any state prison sentence less than twenty-four (24) months without requiring a reason for departure.

Form 3.988: Sentencing Guidelines
These forms are to be used in conjunction with Rule 3.701.
(a) Category 1: Murder, manslaughter: Chapter 782 (except subsection 782.04 (l)(a)) and subsection 316.1931(2)
*853 I. Primary offense at conviction Points
[[Image here]]
II. Additional offenses at conviction
[[Image here]]
III. Prior record
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
None Slight Moderate Death or severe 0 7 14 21 Total:
*854 Category 1 (Homicide)
[[Image here]]
(b) Category 2: Sexual offenses: Chapters 794 and 800 and section 826.04
I. Primary offense at conviction Points
[[Image here]]
Additional offenses at conviction
[[Image here]]
*855 III. Prior record
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
[[Image here]]
Category 2 — Sexual Offenses
[[Image here]]
*856 (c) Category 3: Robbery: Section 812.13
I. Primary offense at conviction Points
[[Image here]]
II. Additional offenses at conviction
[[Image here]]
III. A. Prior record
[[Image here]]
B. Prior convictions for Category 3 offenses
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
[[Image here]]
*857 Category 3 (Robbery)
[[Image here]]
(d) Category 4: Violent personal crimes: Chapters 784 and 836 and section 843.01
I. Primary offense at conviction Points
[[Image here]]
Additional offenses
[[Image here]]
*858 III. Prior record
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
[[Image here]]
Category 4 (Violent Personal Crimes)
[[Image here]]
*859 (e) Category 5: Burglary: Chapter 810 and subsection 806.13(3)
I. Primary offense at conviction Points
[[Image here]]
II. Additional offenses at conviction
[[Image here]]
III. A. Prior record
[[Image here]]
B. Prior conviction for Category 5 offenses
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
[[Image here]]
*860 Category 5 (Burglary)
[[Image here]]
(f) Category 6: Thefts, forgery, fraud: Chapters 322, 409, 443, 812 (except section 812.13), 815, 817, 831 and 832
I. Primary offense at conviction Points
[[Image here]]
*861 II. Additional offenses at conviction
[[Image here]]
III. A. Prior record
[[Image here]]
B. Prior conviction for Category 6 offenses
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
[[Image here]]
*862 Category 6 (Thefts, Forgery, Fraud)
[[Image here]]
(g) Category 7: Drugs: Chapter 893
I. Primary offense at conviction Points
[[Image here]]
*863 II. Additional offenses at conviction
[[Image here]]
III. Prior record
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
[[Image here]]
*864 Category 7 (Drugs)
[[Image here]]
(h) Category 8: Weapons: Chapter 790
I. Primary, offense at conviction Points
[[Image here]]
*865 II. Additional offenses
[[Image here]]
III. Prior record
[[Image here]]
IV. L.,0_ ,eo-al status at time of offense
[[Image here]]
V. Victim injury (physical) »
[[Image here]]
*866 Category 8 (Weapons)
[[Image here]]
(i) Category 9: All other felony offenses
I. Primary offense at conviction Points
[[Image here]]
II. Additional offenses at conviction
[[Image here]]
*867 III. A. Prior record
[[Image here]]
IV. Legal status at time of offense
[[Image here]]
V. Victim injury (physical)
[[Image here]]
Category 9
(All other felony offense category)
[[Image here]]