452 So.2d 136 (1984)
Darryl MANNING and James W. Phillips, Appellants,
v.
STATE of Florida, Appellee.
Nos. AW-101, AW-102.
District Court of Appeal of Florida, First District.
June 21, 1984.
Rehearing Denied July 17, 1984.
*137 P. Douglas Brinkmeyer, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellants seek review of judgments of conviction and sentences imposed for multiple burglaries, asserting that the trial court erred in departing from the Fla.R.Crim.P. 3.701 sentencing guidelines. We find that the trial court did not err, and we affirm the orders appealed based on circumstances relating to the offenses for which appellants were convicted, without regard to contemporareous charges which were nolle prossed.[1]
Appellants Manning and Phillips were arrested and charged with numerous burglaries which occurred over a two-day period in June 1983. Both appellants admitted their guilt and entered pleas as to some of the burglary charges, in exchange for the state's agreement to dismiss other charges. Manning pled and was adjudicated guilty of four burglaries; Phillips pled and was adjudicated guilty of three burglaries. At the sentencing hearing in November 1983 both appellants elected to be sentenced under the new sentencing guidelines which had recently been adopted by the Florida Supreme Court.[2]
The guidelines scoresheets prepared for both appellants authorized any non-state prison sanction. At the sentencing hearing the prosecutor argued that appellants "constituted a two-man gang war." In imposing sentence, the trial judge departed from the guidelines and imposed consecutive three-year terms of imprisonment for each offense, indicating that:
... the sentencing guidelines require a disposition which would be altogether inappropriate to this case. The Court is going to go outside the guidelines for sentencing in this case. My reasons for doing so is each of you went on a crime binge and created a two-man crime wave in Baker County, which cannot go unnoticed or will not be condoned by the people of this community. I'm not going to avoid my responsibilities as the conscience of this community and put you back on the streets... .
Fla.R.Crim.P. 3.701(b) states that the sentencing guidelines "are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related *138 criteria and in defining their relative importance in the sentencing decision." And Rule 3.701(b)(3) provides that the guidelines embody the principle that "the penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense." However, Rule 3.701(b)(6) states that:
... the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion... .
This provision also states that departures from presumptive guideline sentences may be made for articulated clear and convincing reasons.
Rule 3.701(d)(11) re-emphasizes that departure from the guideline range of presumptive sentences should be made only for clear and convincing reasons. This rule, as effective at the time appellants were sentenced, also provided that:
Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
Appellants contend that this provision precludes the trial court's action in the present case, arguing that "the nature of the offenses ... is expressly prohibited from being used as a justification for sentencing outside the guidelines." However, both the grammatical language and the logical import of the quoted rule would appear to preclude deviation only when predicated upon factors, related to either prior arrests or the instant offense, for which conviction has not been obtained. The rule has since been amended so as to replace what the Court refers to as the "cumbersome language," and to clarify its intended effect.[3] As amended, the rule now provides that:
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
In the present case the trial court's expressed reason for deviating from the guidelines is supported by the temporal and geographical circumstances of the offenses for which appellants were convicted, each appellant being convicted of multiple contemporaneous offenses amply substantiating the court's reference to a "crime binge" and "two-man crime wave." Rule 3.701(d)(11) therefore does not preclude such deviation, and the trial court did not err in so deviating for the reasons stated.
The order appealed is affirmed.
BOOTH, J., concurs.
ERVIN, C.J., specially concurs with opinion.
ERVIN, Chief Judge, specially concurring.
Were it not for the fact that the offenses were committed by appellants before October 1, 1983, I would be of the view that the trial court's deviation from the guidelines was reversible error. I strongly disagree with the majority's apparent conclusion that Florida Rule of Criminal Procedure 3.701 b.6. provides a general escape-hatch for trial judges to ignore or depart from sentencing guidelines. The supreme court's adoption of the guidelines in 1983, see In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983), represented the culmination of a six-year study of a sentencing process which was thoroughly lacking in uniformity and fraught with subjectivity. A long-existing concern over the disparity in sentences imposed for virtually the same conduct led to the establishment in January, 1978 of the Sentencing Study Committee by the Florida Supreme Court. See Chapter 79-362, Laws of Florida. The Study Committee, among other things, conducted a detailed survey of the sentencing practices of the circuit courts of the state to *139 evaluate the feasibility of developing various sentence reform options on a statewide basis. Id. The Committee's report in turn engendered a pilot project "to develop and implement structured sentencing guidelines... ." Id. The study finally led to the creation of a Sentencing Commission whose purpose was to develop a system of sentencing guidelines on a statewide basis. § 921.001(1), Fla. Stat. (Supp. 1982). The preamble to the act creating the Commission states in part the legislative purpose:
WHEREAS, disparity in sentencing practices exists in Florida because of the sentencing discretion our current system gives to our trial judges, leading some judges to give longer or shorter sentences than others for the same crime committed in different localities, and
* * * * * *
WHEREAS, the Legislature has previously acknowledged its concern over the disparity in sentencing practices between the various judicial circuits in Florida by enacting chapter 79-362, Laws of Florida, and
* * * * * *
WHEREAS, the Legislature believes that it is in the public interest for a system of sentencing guidelines to be developed and implemented on a statewide basis within the sentencing parameters established by the Florida Statutes and in furtherance of this goal it is necessary for the Legislature and the courts to join together in a cooperative sentencing reform effort aimed at assuring certainty of punishment for the guilty and equality of justice for all, ... .
Ch. 82-145, Laws of Fla.
In 1983, the legislature authorized the Florida Supreme Court, upon receipt of the Commission's recommendations, to develop by September 1, 1983, statewide sentencing guidelines. § 921.001(4)(a), Fla. Stat. (1983). In its adoption of the guidelines set forth in Florida Rule of Criminal Procedure 3.701, the court reiterated the same general concerns expressed by the legislature when it formed legislation establishing the Sentencing Commission: "Sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense  and offender  related criteria and in defining their relative importance in the sentencing decision." Rule 3.701 b. Thus, we find an identical legislative and judicial purpose behind the establishment of the sentencing guidelines: The elimination of subjective variations in the sentencing process which had heretofore existed geographically  and indeed from judge-to-judge  throughout the state.
The history of the guidelines clearly reflects the remedial intent; as such they should be accorded a liberal construction so as to advance the remedy provided. Cf. Gaskins v. Mack, 91 Fla. 284, 107 So. 918 (1926); Amos v. Conkling, 99 Fla. 206, 126 So. 283 (1930). Conversely, exceptions to the guidelines should be narrowly construed. Cf. Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957). In applying a narrow interpretation to subsection d.11, authorizing departures from the guidelines for only explicit reasons, in my judgment it is clear, by reference solely to the rule itself, that the deviation was unwarranted. This subsection prohibits a trial judge from considering "factors relating to either instant offense or prior arrests for which convictions have not been obtained."
It is questionable that any interpretation need be placed upon the above words in that they appear to state plainly that any offense for which a defendant has been previously arrested, but not convicted  for any reason  cannot be considered as a factor influencing a departure. In the present case, the defendant was not convicted of any of the other offenses for which he had been arrested due to the simple reason that they were nolle prossed as part of a plea bargain agreement. Rule 3.701 d.11., as it existed at the time appellant was sentenced, therefore, clearly prohibits a trial judge's consideration of other arrests that did not result in convictions. Moreover, there is nothing in the amended rule suggesting that a contrary construction should be placed upon the revised language of *140 subsection d.11.[1] Indeed, the following committee note was added to explain the amendment to the subsection: "Other factors, consistent and not in conflict with the statement of purpose, may be considered and utilized by the sentencing judge." (e.s.) As previously observed, the statement of purpose, set out at 3.701 b., for creating the guidelines, was to establish a uniform set of standards to assist a trial judge in the sentence-making process and to reduce subjectivity in such process, as well as to assure that incarceration "sanctions used in sentencing convicted felons ... be the least restrictive necessary to achieve the purposes of the sentence." I therefore maintain that subsection d.11., when considered in pari materia with the statement of purpose, precludes a trial judge from considering prior arrests for which convictions were not obtained.
Nevertheless, as previously stated, the offenses in question occurred before October 1, 1983. Notwithstanding the rule, the legislature permits a trial judge to impose a sentence of imprisonment if he finds that "there is a probability that during the period of suspended sentence or probation the defendant will commit another crime." § 921.005(a)(2), Fla. Stat. (1983). Although the judge in the case at issue did not articulate his reasons either in writing[2] or with exact precision for imposing a sentence outside the guidelines, I think it can be reasonably concluded from the record that he found that, if released on probation, appellants would in all probability commit other crimes. His expressed reasons for not following the guidelines were that he could not "avoid [his] responsibilities as the conscience of this community and put you back on the streets to continue your maraudings and your victimization of the people of Baker County." (emphasis supplied).
Because the legislature has recognized an additional ground for departure from guidelines, not provided by rule, as to offenses committed before October 1, 1983, I concur in the result reached.
NOTES
[1] Because we find that the deviation from the sentencing guidelines in the present case is permissible based upon the trial court's consideration of factors attending the offenses for which appellants were convicted, we do not address appellee's further assertion that Rule 3.701(d)(11) should not preclude consideration of charges which are dismissed pursuant to plea bargain agreements.
[2] See In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla. 1983).
[3] See Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984).
[1] The revision to subsection d.11. states:

Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
[2] No attack has been made to the court's refusal to follow the guidelines by reason of its failure to express its reasons for the deviation in writing as required by Rule 3.701 d.11.