SMITH, Judge.
Appellant appeals the sentence imposed by the trial court after conviction by a jury of possession of, with the intent to sell, Lysergic Acid Diethylamid (LSD). Appellant contends here that the trial court erred in departing from the recommended sentencing guidelines, Florida Rules of Criminal Procedure 3.701, In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla.1983). Under the guidelines, appellant’s score would have resulted in a recommended sentence of probation to a maximum of twelve months imprisonment, a non-state prison sanction. The trial court, however, chose to depart from the guidelines and sentenced appellant to an indeterminate sentence of between six months to three years imprisonment in a state institution. We affirm.
After conviction of the offense, which was committed in Gulf Breeze, Florida, appellant filed a timely election to be sentenced under the sentencing guidelines, Florida Rules of Criminal Procedure 3.701. At the sentencing hearing, both the state and defense counsel recommended that appellant’s sentence be time served, which to that point amounted to approximately eleven months incarceration. Such a sentence would have fallen within the recommended guidelines sentence. However, the trial court chose to depart from the guidelines, and sentenced the appellant to an indeterminate sentence of between six months to three years in state prison, with credit for 311 days time served to date. As reasons for the departure, which were set forth in a *469 meticulously prepared six-page order, the trial judge found, among other things, “that the nature of the drug LSD and its damage to the citizens of the First Judicial Circuit warrants a sentence outside of the sentencing guidelines.” The trial judge also cited the need to satisfy the “dispassionate enlightened conscience of the community” of Santa Rosa County. The trial judge felt that a departure from the guidelines in appellant’s case would “have a substantial deterrent effect on such criminal conduct.” The trial judge further cited what he found to be the “nature and perceived dangers to the community and the community interest in deterring the possession with intent to sell Lysergic Acid Diethylamid” in Santa Rosa County, an area he characterized through judicial notice as a predominantly rural, agricultural economy and culture. After the trial judge gave his reasons for departure, appellant’s counsel and the state stipulated that the area where appellant had been arrested, Gulf Breeze, was an urban area, not rural.
Appellant asserts that Rule 3.701 delineates the presumptively correct bounds of judicial discretion, and that the trial court’s reasons for departure were not clear and convincing in that there is no evidence in the record to support the trial judge’s findings, other than judicial notice of the character of the area and the extent of illicit drug activity in the area where appellant was arrested. Appellant suggests that the trial judge’s real concern was in his disagreement with the legislature in categorizing LSD with other Schedule I substances as set forth in Section 893.03, Florida Statutes. Appellant contends these reasons are insufficient to establish the “clear and convincing” standard set forth in Rule 3.701(d)(ll), as justifying departure from the recommended sentence. We find these contentions unavailing.
We have held in Garcia, v. State, 454 So.2d 714 (Fla. 1st DCA 1984), that the trial judges should “... continue to have the same broad sentencing discretion conferred upon them under the general law, subject only to certain limitations or conditions imposed by the guidelines, which are to be narrowly construed so as to encroach as little as possible on the sentencing judge’s discretion, but whose specific directives we are required to recognize in a manner consistent with the guidelines stated goals and purposes.” Id. at 717. Accordingly, we must recognize a judge’s discretion to sentence outside the recommended guideline sentence, provided clear and convincing reasons are given in writing. Moreover, these reasons should be reviewed broadly so as to not “usurp judicial discretion.” Rule 3.701(b)(6). We are in agreement with the standard of review in Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984), which held that the reviewing court should not “reevaluate” the trial court’s exercise of discretion. Rather, the reviewing court should “assure that there is no abuse of that discretion.”
In reviewing the instant case, we apply the standard set forth in Addison v. State, supra, and find that the trial court did not abuse its sentencing discretion by departing from the guidelines. We conclude that the trial judge’s judicial notice of the character of the area and the harmful nature of LSD, compared to other Schedule I substances, was proper because these are matters uniquely within the trial judge’s knowledge and expertise, and may appropriately guide the judge in exercising his sentencing discretion. To hold otherwise, in our view, would tend to reduce the trial judge — to whom is entrusted probably the most weighty responsibilities of any public official in the local community in other areas — to a mere automaton in sentencing matters. This we decline to do. Accordingly, the sentence appealed is AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.