478 So.2d 47 (1985)
Aniceto P. SANTIAGO, Petitioner,
v.
STATE of Florida, Respondent.
No. 66297.
Supreme Court of Florida.
October 31, 1985.
*48 Ted A. Stokes, Milton, for petitioner.
Jim Smith, Atty. Gen. and Mark C. Menser, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
We have for review Santiago v. State, 459 So.2d 468 (Fla. 1st DCA 1984), which expressly and directly conflicts with decisions of other district courts of appeal and this Court. Art. V, § 3(b)(3), Fla. Const.
Santiago was convicted by a jury of possession with intent to sell Lysergic Acid Diethylamide (LSD) and filed a timely election to be sentenced under the sentencing guidelines, Florida Rule of Criminal Procedure 3.701. He had a total of 42 points under the guidelines, the recommended sentencing range being probation to 12 months imprisonment, a non-state prison sanction. Citing the "rural, agricultural economy and culture in Santa Rosa County" and the "dispassionate enlightened conscience of the community" as reasons for departure, the trial court departed from the recommended guidelines sentence and sentenced Santiago to an indeterminate period of six months to three years in a state prison. The trial court explicitly stated that it was necessary to consider factors relating to the instant offense such as the nature and danger to the community from LSD and the community interest in deterring its possession and sale. Santiago appealed the sentence contending that the trial court's reasons for departing from the guidelines did not meet the "clear and convincing" test set forth in Rule 3.701(d)(11). The First District Court of Appeal affirmed the trial court stating:
We conclude that the trial judge's judicial notice of the character of the area and the harmful nature of LSD, compared to other Schedule I substances, was proper because these are matters uniquely within the trial judge's knowledge and expertise, and may appropriately guide the judge in exercising his sentencing discretion.
459 So.2d at 469.
Petitioner now asserts that not only did the trial court's reasons for departure fail to meet the clear and convincing test but that the trial court's other basis for departure, "the harmful nature of LSD, compared to other Schedule I substances" is in violation of Rule 3.701(d)(11) which provides "... [r]easons for deviating from the guidelines shall not include factors relating to (the) instant offense... ."
We agree with petitioner's contentions that (1) the written reasons of the trial court do not meet the clear and convincing test, and (2) the trial court improperly relied on factors relating to the instant offense.
This Court's adoption of the sentencing guidelines was established in In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). We have not departed from that decision. See, e.g., Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Albritton v. State, 476 So.2d 158 (Fla. 1985). One of the purposes of the guidelines is "to establish a uniform set of standards to guide the sentencing judge" and "to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense and offender-related criteria and in defining their relative importance in the sentencing decision." In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983); Hendrix v. State (emphasis supplied).
*49 The trial court stated that it departed from the guidelines because "the public perception in the community of Dade County of the relative danger to the community of possession with intent to sell cannabis as distinguished from possession with intent to sell Lysergic Acid Diethylamide may differ significantly from the real or perceived dangers in Santa Rosa County." This directly contravenes the above mentioned purposes of the guidelines. Departures from the guidelines are permitted. However the rule cautions that departures from the presumptive sentence should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating the sentence. Fla.R.Crim.Pro. 3.701(d)(11). The trial court's rationale that felony drug convictions warrant a greater punishment in North Florida than is required in South Florida does not meet the clear and convincing test required by Florida Rule of Criminal Procedure 3.701(d)(11).
The second rationale called on by the trial court to depart from the guidelines is the "nature and perceived danger ... (of) possession with intent to sell LSD in this judicial circuit." This reason admittedly considers a factor relating to the instant offense. Respondent cites several cases to support his proposition that the trial judge may take judicial notice of qualitative factors of an offense in reaching his decision. Sterling Village Condominium Inc. v. Breitenbach, 251 So.2d 685 (Fla. 4th DCA 1971); Mitchum v. State, 251 So.2d 298 (Fla. 1st DCA 1971); City of Miami v. Jiminez, 130 So.2d 109 (Fla. 3d DCA 1961). Although these cases are valid authority for the theory of judicial notice, they have no bearing on the permissiveness of considering factors relating to the instant offense as prohibited by the sentencing guidelines (adopted in 1983). Rule 3.701(d)(11) which became effective on October 1, 1983 provides that reasons for deviating from the guidelines shall not include factors relating to either the instant offense or prior arrests for which convictions have not been obtained. The nature and danger of possession with intent to sell a Schedule I substance is factored into the penalty recommended by the guidelines. To allow those factors to be reconsidered as an aggravation allowing departure from the guidelines is contrary to the spirit and intent of the guidelines. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
For these reasons we hold that the trial judge failed to meet the clear and convincing test and erred in considering factors relating to the instant offense as reasons for departing from the guidelines.
Accordingly, we quash the decision of the district court and we remand with directions to further remand to the trial court for sentencing in accordance with the guidelines.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.