477 So.2d 1083 (1985)
George D. THRASHER, Appellant,
v.
STATE of Florida, Appellee.
No. BE-73.
District Court of Appeal of Florida, First District.
November 5, 1985.
*1084 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant pled guilty to six counts of burglary of a structure, occurring between February 20 and April 19, 1984. In exchange, the state agreed to drop all other charges pending in Bay County. Appellant's sentencing guidelines scoresheet reflects a total of 75 points for a category five offense, which translates into a recommended sentence of three years incarceration. Instead, the sentencing court imposed six five-year sentences, the first four to run consecutively and the last two to run concurrently to the first four, in other words, twenty years incarceration. The reasons for departure were stated orally, but were separately transcribed by the court reporter and placed in the record. That transcription reads:
Here's why the Court is going outside of the guidelines. The defendant was originally arrested for over 20 burglaries, which he confessed he has a prior record which includes three burglaries. The defendant has been on probation which he violated. The defendant cannot expect to live free in a society and expect society to tolerate this behavior as long as he continues his criminal wrongdoings, therefore, an extended prison sentence is recommended by the probation officer and approved by the court.
Appellant argues that the court erred in departing from the guidelines based on the fact that appellant was arrested for 20 burglaries and had committed others for which he was never charged or arrested, because this constitutes reliance on crimes for which no convictions were obtained in violation of Fla.R.Crim.P. 3.701(d)(11), which at the time of these offenses read:
Reasons for deviating from the guidelines shall not include factors relating to either instant offense or prior arrests for which convictions have not been obtained.
Appellee argues, based on additional comments by the sentencing judge which appear in the transcript of sentencing hearing, that the departure was justified because appellant had engaged in a crime binge, citing Manning v. State, 452 So.2d 136 (Fla. 1st DCA 1984) and Garcia v. State, 454 So.2d 714, 716 (Fla. 1st DCA 1984). Alternatively, the state argues the departure was justified due to the timing of the offenses, citing Brooks v. State, 456 So.2d 1305 (Fla. 1st DCA 1984) and Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984). We agree with the appellant's argument and therefore reverse and remand for resentencing. If the trial judge is going to depart from the guidelines because of the defendant's participation in a crime binge in the manner referred to in Manning, it will have to be set forth clearly in the written reasons for departure. In Manning, this court's approval of the crime binge theory was limited to consideration of the circumstances surrounding the offenses for which convictions had been obtained.
In addition, we note that the transcription of the oral pronouncement of reasons for departing from the recommended sentence, although separately transcribed and placed in the record, does not satisfy the requirement of written reasons for departure, State v. Jackson, 478 So.2d 1054 (Fla. 1985). See also Edwins v. State, 475 So.2d 1031 (Fla. 1st DCA 1985); Schmidt v. State, 468 So.2d 1112 (Fla. 1st DCA 1985); Oden v. State, 463 So.2d 313 (Fla. 1st DCA 1984); Johnson v. State, 462 So.2d 49 (Fla. *1085 1st DCA 1984), Jackson v. State, 454 So.2d 691 (Fla. 1st DCA 1984).
We also note that the prior record consisting of three burglaries mentioned by the sentencing court as a further reason for departure was included on the scoresheet under section III.B. That prior record therefore may not also be used as a reason for departure from the recommended sentence, Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
Finally, the probation violation mentioned by the judge as an additional reason for departure occurred in 1982. As a result of that violation, appellant served a year in state prison and was released without further supervision. He was not on probation immediately prior to sentencing in this case. Even if this case had involved a probation revocation, under the current Rule 3.701 d.14. only a one cell deviation from the recommended sentence would be permissible. The sentencing court would not be permitted to further exceed the recommended sentence with a mere statement that a violation of probation occurred, Ehrenshaft v. State, 478 So.2d 842 (Fla. 1st DCA 1985). While the 1982 probation violation was not previously scored on the sentencing guidelines scoresheet and might permissibly be accounted for at some point in the sentencing process, that factor alone would certainly not justify the extensive departure in this case. See Albritton v. State, 476 So.2d 158 (Fla. 1985) ("An appellate court reviewing a departure sentence should look to the guidelines sentence, the extent of the departure, the reasons given for the departure, and the record to determine if the departure is reasonable.") Since it is obvious that the state would be unable "to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence," Albritton, the sentence is reversed and remanded for resentencing.
ERVIN and BARFIELD, JJ., concur.