487 So.2d 1158 (1986)
Wilton Oliver BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1229.
District Court of Appeal of Florida, Fifth District.
April 24, 1986.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
This is an appeal from a guideline departure sentence. The appellant, Brown, was charged by information with one count of *1159 sale of cocaine, and a second count of possession of cocaine. Pursuant to plea negotiations, he pled guilty to the latter cocaine charge, and the state dismissed the sale count. The recommended sentence pursuant to appellant's guidelines score sheet was any nonstate prison sanction. However, the trial court departed from the recommended sentence, sentencing Brown to thirty months in state prison, for the following reasons:
(1) Aggravated circumstances of the offense: officers served a search warrant on defendant's apartment seizing 10 grams of cocaine, a baggie of marijuana, a food processor with cocaine residue, set of scales, $2900 in money and a 357 [sic] magnum pistol from defendant's pocket. This was indicative of a drug selling operation as opposed to simple possession. (2) Court takes judicial notice that McLaren Circle where offense occurred is an area of high drug usage and sales. A county jail sentence would depreciate the seriousness of the offense and lack general deterrent value as well as undermine the confidence of the public and law enforcement agencies in the court system.
On appeal, Brown contends that neither of the cited reasons given by the trial court justifies departure on a "clear and convincing" basis. See Fla.R.Crim.P. 3.701(d)(11).
Reason (2), as pointed out by the state, actually contains two components: (a) the area where the offense occurred is "an area of high drug usage and sales," and (b) the recommended guideline sentence is insufficient because of the seriousness of the offense. These reasons are very similar to those provided by the trial court in Santiago v. State, 478 So.2d 47 (Fla. 1985), which were:
(1) The public perception in the community of Dade County of the relative danger to the community of possession with intent to sell cannabis as distinguished from possession with intent to sell Lysergic Acid Diethylamide may differ significantly from the real or perceived dangers in Santa Rosa County, and
(2) The nature and perceived danger of possession with intent to sell LSD in this judicial circuit.
478 So.2d at 49. As to the area factor, the supreme court rejected the trial court's rationale that felony drug convictions warrant a greater punishment in North Florida than is required in South Florida; as to the perceived danger, the court found the nature of the crime was factored into the penalty recommended by the guidelines, and cited to Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Based on Santiago, reason (2) provided by the trial court in the instant case is invalid.
As to reason (1) provided by the trial court, the appellant cites Rule 3.701(d)(11), which provides, in relevant part:
Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
Appellant then argues that he initially had been charged with sale or delivery of cocaine and, as part of the plea bargain, the state agreed to dismiss this charge in return for his plea to the possession charge. Therefore, the sale is "a factor relating to the instant offense for which a conviction has not been obtained" and thus is specifically precluded from being used as a reason for departure. In this case the state specifically agreed to dismiss the higher charge of sale or delivery of cocaine in exchange for appellant's plea to the possession charge; the trial court's departure from the guidelines in this case specifically thwarted Brown's benefit of his plea bargain. If the trial court was dissatisfied with the plea bargain as struck between Brown and the state, it should have refused to accept the plea. It is unfair for appellant to be punished for an offense which was dismissed. Cf. Fletcher v. State, 457 So.2d 570 (Fla. 5th DCA 1984) ("Constitutionally a defendant should not be punished (sentenced) for conduct of which he has been acquitted").
*1160 REVERSED and REMANDED for resentencing in accordance with the guidelines.
DAUKSCH and ORFINGER, JJ., concur.