CAMPBELL, Acting Chief Judge.
Appellant seeks review of the order revoking his probation and his resulting sentence of seven years incarceration. He urges three points of error, the first of which requires reversal of this appeal. All of the issues allege sentencing guidelines errors. Reversing the first issue renders the other two issues moot.
Appellant argues that the trial court erred in sentencing him under the sentencing guidelines. We agree. Appellant was placed on ten years probation for offenses which occurred on February 1, 1983. In 1984, appellant was arrested for a violation of his probation. He was found guilty and the trial court extended his probation for an additional five years. A review of the transcript of this sentencing hearing reveals that there was an apparent assumption on the part of the trial court that appellant was subject to sentencing pursuant to the guidelines. At that time, however, appellant had never affirmatively selected sentencing under the guidelines.
Upon appellant’s third violation of his probation in 1985, the trial court sentenced him to seven years incarceration. The trial judge stated that he was exceeding any recommended guidelines sentence since he had informed appellant at the 1984 hearing that he would do so if appellant again violated his probation. The sentencing guidelines may be applied to crimes when the offense occurred prior to October 1, 1983, only where the appellant affirmatively selects to be sentenced under the guidelines. In Re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983). Here, appellant did not affirmatively elect sentencing under the guidelines. Thus, the trial judge erred in imposing a guidelines sentence from which appellant would not be eligible for parole.
Accordingly, this case is reversed and, on remand, the sentence should be corrected to reflect that it is not a guidelines sentence.
SCHOONOVER and HALL, JJ., concur.