489 So.2d 1225 (1986)
Robin MONTGOMERY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1092.
District Court of Appeal of Florida, Fifth District.
June 12, 1986.
*1226 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals from a departure sentence of five years' incarceration followed by four consecutive five year periods of probation. We vacate the sentence and remand for resentencing.
In 1983 appellant was placed on probation for the offense of depositing a worthless check with intent to defraud. In 1984 she was charged with violating the conditions of her probation by issuing additional worthless checks. After pleading guilty to violating her probation, she was sentenced for the 1983 crime as well as for the additional check crimes which she had subsequently committed.
In departing from the recommended guidelines sentence of community control or 12 to 30 months' incarceration, the trial court gave the following written reasons:
1. Defendant on probation, as well as on release pending resolution of various cases and continued her criminal activities unabated by the criminal justice system and without regard for same.
2) Complicated scheme as shown by the informations continuously over a period of 2 to 3 years.
3) The Court must enterject [sic] some punishment to break this "chain of conduct" but must attempt to collect restitution.
4) No apparent reason or need for the huge amounts of money taken, no drug or alcohol problems only Jai Alai and Dog Track.
5) Probation Officer recommended departure.
Taking these reasons in reverse order, reason number 5 is invalid. See Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986). The determination of whether or not to depart from a recommended guideline sentence belongs exclusively to the court. Carnegie v. State, 473 So.2d 782 (Fla. 2d DCA 1985). Reason number 4 is tantamount to the statement that there is no legal or moral justification for the commission of the offense, and that has been held to be an insufficient reason for departure. Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986).
Reason number 3 cannot be considered as clear and convincing because a sentence within the guidelines could have provided for punishment by incarceration, and the court also had it within its power to impose a period of probation and to consider requiring restitution as a condition of probation. Although not stated that way, if the court intended to say that the proposed sentence was not severe enough for the crimes which defendant had committed, this too has been held to be an insufficient reason for departure. Brown v. State, 487 So.2d 1158 (Fla. 5th DCA 1986); Wilson v. State, supra.
Reason number 2 appears to relate either to the other crimes which defendant had committed, a matter already factored into the guidelines sentence and thus an improper basis for departure, Hendrix v. State, 475 So.2d 1218 (Fla. 1985), or to other charges against defendant for which convictions had not been obtained, a prohibited basis for departure. Fla.R. Crim.P. 3.701(d)(11). Similarly, reason number 1 addresses the fact that she was on probation and that she committed other crimes, both of which are already factored into the guidelines sentence. The fact that defendant was on probation when she committed the additional offenses and the additional offenses themselves resulted in points on the scoresheet. Thus, they did not also qualify for departure. Hendrix, supra. The State contends that within reason number 1 is included the fact that the defendant committed the later offenses *1227 while she was awaiting sentencing and close to the time of her release. While the timing of an offense has been held to be a valid reason for departure, White v. State, 481 So.2d 993 (Fla. 5th DCA 1986); Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1985), it is not at all clear that reason number 1 is based on this premise. Even if it was, the State has not carried its burden of demonstrating beyond a reasonable doubt that the court would have departed from the recommended sentence absent the invalid reasons. Albritton v. State, 476 So.2d 158 (Fla. 1985). We therefore vacate the sentence and remand the case for resentencing.
SENTENCE VACATED, REMANDED.
COBB, C.J., and DAUKSCH, J., concur.