CAMPBELL, Judge.
 Appellant, Ronald Hester, was charged by information with two counts of dealing in stolen property in violation of section 812.019, Florida Statutes (1981). He contends that the trial court erred in departing from the recommended guideline sentence of two-and-one-half to three-and-one-half years without stating written reasons for departure.
The crimes for which appellant was sentenced occurred in February, 1981. Appellant pled nolo contendere to both charges and received a two-year suspended sentence and three years probation. In August and November, 1983, appellant pled guilty to a second charge of violation of probation and the trial court reinstated his probation. In December, 1983, appellant violated his probation a third time and was sentenced to five years on each count of dealing in stolen property.
The guidelines are applicable to offenses committed before October 1, 1983, if affirmatively selected by the defendant. In Re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848 (Fla. 1983). The offenses for which appellant was sentenced occurred in February, 1981. While the parties do not address the issue, we note that there is no evidence in the record to indicate that appellant ever affirmatively elected to be sentenced under the guidelines.
Accordingly, we remand for resentenc-ing. If, on remand, appellant desires to be sentenced according to the guidelines, it shall be reflected in the record and a guideline scoresheet prepared and appellant re-sentenced. Otherwise, the sentence shall be corrected to reflect a non-guideline sentence.
RYDER, C.J., and GRIMES, J., concur.