490 So.2d 1358 (1986)
Jerome WHITFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1552.
District Court of Appeal of Florida, Fifth District.
July 10, 1986.
*1359 James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
This is an appeal from a guidelines departure sentence. We vacate the sentence.
The defendant was charged by indictment with first degree murder by shooting the victim with a firearm. Pursuant to a plea agreement, defendant entered a plea of guilty to the lesser offense of manslaughter, with the understanding that the State would attempt to secure a departure sentence. The trial court adjudicated defendant guilty of manslaughter, a second degree felony, and departing from the presumptive sentence of 3 to 7 years, sentenced defendant to the statutory maximum penalty of 15 years' imprisonment.
The written reasons given for departure were:
1. Alphonso Wayne Johnson testified in a sworn statement given March 19, 1985 that the shooting arose out a drug transaction during which defendant sold the victim a substance defendant represented was cocaine. Defendant was carrying the gun for protection while selling drugs. The victim was unarmed.
2. After the victim struck defendant and knocked him down defendant shot the victim in the chest. The victim turned and ran and defendant fired three shots at the victim while he was running from the scene.
3. Defendant fired the shots on a public street evincing a flagrant disregard of the safety of others.
4. A lesser term is not commensurate with the seriousness of the defendant's crime.
Recent case law has sharply limited those factors which will support a departure sentence. Reason number one bases departure on the fact that the crime arose out of a drug transaction and the fact that defendant was carrying a gun. He was not *1360 convicted of any drug offense nor of carrying a firearm and it is improper to base a departure sentence on factors relating to the offense for which convictions have not been obtained. Fla.R.Crim.P. 3.701(d)11. The fact that a firearm was used in connection with the killing is not a basis for departure. As the supreme court has recently noted, "Any other weapon, including bare hands, could be just as easily listed and justify guidelines departure in all cases of victim injury." Scurry v. State, 489 So.2d 25 (Fla. 1986).
Reason number two is really only a narrative of how the offense occurred. The fact that the defendant shot the victim is the basis for the conviction. Reason number three is not supported by the record. The trial judge, noting the location of the crime, observed that it was a public street, but there was no evidence presented that the area was crowded with people at the time of the shooting or that anyone else was endangered. Thus, even if otherwise valid, this reason was not supported by credible evidence beyond a reasonable doubt. Scurry, supra; State v. Mischler, 488 So.2d 523 (Fla. 1986).
The trial court's conclusion that the recommended sentence is not sufficiently severe for the crime which defendant committed is also not a clear and convincing reason for departure. See e.g. Montgomery v. State, 489 So.2d 1225 (Fla. 5th DCA 1986); Brown v. State, 487 So.2d 1158 (Fla. 5th DCA 1986); Wilson v. State, 490 So.2d 1360 (Fla. 5th DCA 1986). Therefore, reason number four is insufficient.
No clear and convincing reasons for departure having been given, we must vacate the sentence and remand for resentencing.
SENTENCED VACATED; REMANDED.
DAUKSCH and COBB, JJ., concur.