DAUKSCH, Judge.
This is an appeal from a guideline departure sentence.
Appellant was charged with attempted first degree murder, armed robbery and use of a firearm in a felony. He pleaded nolo contendere to the armed robbery and pleaded nolo contendere to aggravated battery as a lesser included offense of the attempted murder. Parenthetically it is noted that the record before us does not disclose a factual basis which would support an aggravated battery conviction, but that is not a point on appeal; probably because appellant pleaded nolo contendere to it.
The point on appeal is the departure from the guidelines sentence. The recommended guideline sentence carried a maximum of five and one-half years but the judge departed upwards five cells to concurrent terms of fifteen and twenty years in prison with a suspension of execution of the last ten years, plus other penalties.
The reason given for the departure was that the appellant attempted to discharge his weapon five times, the last while trying to escape his victim, showing a complete disregard for human life. This reason for departure is invalid for two reasons. One, because the departure is based upon the nature of the offense for which he was convicted. Vandeneynden v. State, 478 So.2d 429 (Fla.5th DCA 1985); Wiggins v. State, 476 So.2d 257 (Fla. 4th DCA 1985). See also Hendrix v. State, 475 So.2d 1218 (Fla.1985). Two, because he was “acquitted” of the attempted murder by virtue of his plea and conviction and thus cannot be held accountable for that conduct. Santiago v. State, 478 So.2d 47 (Fla.1985); Brown v. State, 487 So.2d 1158 (Fla. 5th DCA 1986).
The court should not have assessed costs against this appellant. He had been determined previously to be indigent and there was no finding that he was no longer indigent. Jenkins v. State, 444 So.2d 947 (Fla.1984).
Sentence vacated, remanded.
ORFINGER, J., concurs.
SHARP, J., concurs specially with opinion.