496 So.2d 1007 (1986)
STATE of Florida, Appellant,
v.
Joseph D'ALEXANDER, Appellee.
No. 85-2381.
District Court of Appeal of Florida, Second District.
November 7, 1986.
*1008 Jim Smith, Atty. Gen., Tallahassee and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellant.
Terry A. Furnell, Clearwater, for appellee.
RYDER, Judge.
The state appeals an order in which the trial court adjudicated appellee guilty of possession and sale of cocaine and marijuana, imposed a sentence and then suspended the sentence.
Appellee had an extensive prior record. The sentencing guidelines presumptive sentence was twelve to seventeen years. The court imposed a twelve-year suspended sentence and gave appellee two years of community control followed by three years probation. A condition of probation was that appellee enter and successfully complete an eighteen-month PAR Residential Program followed by a rehabilitation program in electronics.
The court, relying on the recommendations of appellee's probation officer and psychologist, departed from the sentencing guidelines by placing appellee in a drug rehabilitation program. The court improperly departed from the sentencing guidelines.
The court may properly depart from the sentencing guidelines where sufficient mitigating circumstances exist. To be sufficiently mitigating, the circumstance must ameliorate the level of defendant's guilt. Eutzy v. State, 458 So.2d 755 (Fla. 1984). For example, a defendant's youth has been found to be a mitigating circumstance. State v. Mihocik, 480 So.2d 711 (Fla. 5th DCA 1986). A drug dependency is not a sufficiently mitigating circumstance. It does not ameliorate the level of a defendant's guilt. The need for medical treatment does not justify a departure from the sentencing guidelines. Young v. State, 455 So.2d 551 (Fla. 1st DCA 1984).
D'Alexander is quite similar to the defendant in State v. Barbera, 487 So.2d 1184 (Fla. 4th DCA 1986). In Barbera, the court improperly departed downward on the basis of the defendant's need for alcohol rehabilitation. Instead of the recommended seven to twelve year sentence, the court gave the defendant 364 days incarceration and ten years probation. The defendant agreed to attend an alcohol rehabilitation *1009 program. The fourth district held that "while such an argument might be made in his defense at trial, it does not constitute good and sufficient reason for departing downward under the guidelines." Id. at 1185. Similarly, D'Alexander's drug problem was not a sufficient reason for departure from the sentencing guidelines recommended sentence.
By our holding today, we are not saying that a court may never make a downward departure from the sentencing guidelines. The record in this case simply does not show, beyond a reasonable doubt, that a downward departure is necessary.
The court also erred in improperly relying upon D'Alexander's probation officer's recommendation of a drug rehabilitation program. As was stated in Montgomery v. State, 489 So.2d 1225 (Fla. 2d DCA 1986), a probation officer's recommendation is an invalid reason for departure.
We affirm the adjudication of guilt, but reverse and set aside the sentence imposed. We remand the matter to the trial court and order that appellee be sentenced in accordance with the sentencing guidelines.
Affirmed in part, reversed in part and remanded with instructions.
GRIMES, A.C.J., and SCHEB, J., concur.