CAMPBELL, Judge.
On March 3, 1986, the trial court found appellant, Daniel Quinones, guilty of five counts of selling a controlled substance and five counts of possession of a controlled substance with intent to sell. The court departed from the recommended guidelines sentence of community control or twelve to thirty months incarceration, and sentenced appellant to serve five years on each of the ten counts, to run concurrent. A proper scoresheet and written reasons for departure were filed.
*349 Appellant argues on appeal that the reasons given for departure were not valid. We agree.
The judge stated first that “[t]he guideline sentence does not adequately address the Frostproof area social problem that the defendant is a prolific drug pusher.” The Florida Supreme Court specifically rejected this rationale in Santiago v. State, 478 So.2d 47 (Fla.1985). There, the court held invalid the fact that those in Santa Rosa County perceived drug offenses differently than those in Dade County. Id. at 49. While Hunt v. State, 468 So.2d 1100, 1101 (Fla. 1st DCA 1985) allowed a departure for the protection of society, we believe that Hunt was overruled to the extent that it allowed a court to depart merely because it believed that the community had a particular problem with the defendant or the crime.
The second reason given to support departure is also invalid. The court stated, “It is obvious that the defendant is a prolific drug dealer.” This reason includes elements already factored into the score-sheet sentence and cannot justify departure. State v. Mischler, 488 So.2d 523 (Fla.1986).
The third reason the court offered is also invalid. The court stated, “Defendant, during his testimony, admitted one or more of the drug sales, whereas his statement to the probation officer belies this sworn testimony. His statement to the probation officer is, ‘My lawyer didn’t help me, Richard Schmidt lies because he didn’t see me deal no drugs, he only come to my house when there was a fire, that was all.’ ” Perjury or lying is not a valid reason for departure. Sloan v. State, 472 So.2d 488 (Fla. 2d DCA 1985), quashed on other grounds, 491 So.2d 276 (Fla.1986).
The final reason the court gave for its departure is also invalid. The court stated, “Extreme factors will justify departure sentences. It is also true that several factors become extreme when considered together so as to justify a combination departure sentence.” While the state argues that under State v. Pentaude, 500 So.2d 526 (Fla.1987), this combination of all of the above reasons is egregious, we disagree. As appellant ably notes, “It would be an anomaly to hold that factors unclear in themselves could suddenly become clear when considered collectively.”
We, therefore, vacate appellant’s sentences and remand for sentencing within the recommended guidelines range.
SCHEB, A.C.J., and SCHOONOVER, J., concur.