CAMPBELL, Judge.
Appellant appeals from the sentences imposed upon him after he pled guilty to burglary, aggravated battery, and grand theft. We find that the trial court erred in sentencing appellant, and accordingly, reverse and remand for resentencing.
Appellant appeared at the sentencing hearing on a number of charges in addition to those which are the subject of this appeal. Other than these charges, appellant had no prior record and no prior arrests. The recommended guidelines sentence for the burglary and aggravated battery charges was five and one-half to seven years in prison. The trial court informed appellant that he would be sentenced within the guidelines on all of his pending charges except the burglary and aggravated battery charges. At the hearing, appellant entered a plea of guilty to all pending charges. Appellant was sentenced to fifteen years’ imprisonment on the burglary and aggravated battery charges, and five years’ imprisonment on the grand theft charge. All sentences were to run concurrently. The trial court submitted the following written reasons for departure:
1) The appellant’s severe criminal behavior indicates that he is a menace to society.
2) The appellant burglarized the victim’s home armed with an ice pick, struck the victim with the ice pick when discovered, and fled.
3) The appellant pled guilty to all charges.
4) The appellant has displayed a pattern of criminal behavior which indicates he is a menace to society.
5) Burglarizing aged victim with an ice pick reflects danger appellant poses to society.
This timely appeal followed. Appellant contends that the trial court relied upon impermissible reasons for departing from the sentencing guidelines.
We agree that the trial court’s first, fourth, and fifth reasons which relate to appellant’s “criminal conduct” are invalid. A violent pattern of conduct which indicates a serious danger to society is not a clear and convincing reason for departure under the facts shown by the record of this case. Williams v. State, 492 So.2d 1308 (Fla.1986). Appellant had no prior criminal record before these charges.
*1209 The trial court’s second reason for departure is also invalid. In Santiago v. State, 478 So.2d 47 (Fla.1985), the court held that reasons for deviating from the guidelines shall not include factors relating to either the instant offense or prior arrests for which convictions have not been obtained. To allow those factors to be reconsidered as an aggravation permitting departure from the guidelines is contrary to the spirit and intent of the guidelines. Id.
Finally, the trial court’s third reason is based upon a factor which has already been weighed in arriving at a presumptive sentence, and cannot be relied upon as a valid reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla.1985).
Because each of the trial court’s reasons for departure is invalid, appellant’s sentences must be reversed and the case remanded to the trial court for resentencing within the sentencing guidelines.
SCHEB, A.C.J., and SCHOONOVER, J., concur.